## Curry, Appellant. *v.* Wolstencroft.

*Negligence—Automobiles—Collision—Priority at right angle street intersection—Injury to person in building—proximate cause—Evidence—Case for jury.*

In an action of trespass to recover for personal injuries, it appeared that plaintiff, at the time of the accident, was standing within a store, situated near the corner of two intersecting streets. The evidence established that defendant's automobile collided with the automobile of another at the street intersection causing its driver to lose control so that it ran across the sidewalk and against the store door injuring the plaintiff. Defendant's car approached the intersection from the right. The evidence was conflicting as to whether the car which injured the plaintiff had reached the intersection so far in advance of the defendant that it was entitled to proceed across the intersection.

Under the evidence the questions of defendant's negligence and whether it was the proximate cause of plaintiff's injuries were for the jury and it was error for the court to enter judgment non obstante veredicto for the defendant.

It is no answer by one who is guilty of negligence to say that the joint negligence of another person combined to produce the injury complained of. One who suffers an injury from the joint negligence of two or more persons has an action against them either jointly or severally.

Statement of Facts—Opinion of the Court. ˙ [93 Pa. Superior Ct.

Argued October 14, 1927. Appeal No. 157, October T., 1927, by plaintiff from judgment of C. P. No. 5 Philadelphia County, June T., 1924, No. 812. In the case of Sarah Curry v. Isaac H. Wolstencroft. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Trespass for personal injuries. Before HENRY, P. J., 52nd Judicial District, Specially Presiding.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1,000.00. Subsequently upon motion of defendant the Court entered judgment in favor of the defendant non obstante veredicto. Plaintiff appealed.

*Error assigned* was the granting of defendant's motion for judgment non obstante veredicto.

*John V. Horan,* and with him *Robert M. Bernstein,* for appellant.

*Benjamin O. Frick,* for appellee.

OPINION BY CUNNINGHAM, J., March 2, 1928:

Verdicts were rendered awarding damages to William J. Curry and Sarah Curry, his wife, for injuries to Sarah Curry alleged to have been caused by the negligent operation by Isaac H. Wolstencroft of his Cadillac sedan at the intersection of Huntingdon and 33rd Streets in the City of Philadelphia on May 1, 1924. The learned president judge of the fifty-second judicial district, specially presiding, granted defendant's motion for judgment in his favor n. o. v. and Sarah Curry has taken this appeal. The only error assigned is the granting of defendant's motion.

This appellant at the time she suffered the injuries for which the action was brought was standing, as a

customer, in a small store at the northeast corner of 33rd and Huntingdon Streets. Suddenly an Overland automobile, owned by a Mr. Goldman and driven by Harry I. Balis, mounted the curb in front of the store; crossed the pavement, fifteen feet in width; struck the two steps leading to the store; and knocked down the door, injuring plaintiff. Alleging that the Overland car had been deflected from its course, and control thereof lost by Balis, by reason of the negligent driving by Wolstencroft of his Cadillac sedan into the Overland, plaintiff and her husband sought to recover damages from him. Under these circumstances no question of contributory negligence upon the part of the plaintiff could be involved and the case therefore turns upon the questions: (1) whether defendant was negligent, and (2), if so, whether his negligence was either the sole or a related and concurring cause of the injuries. These questions were submitted to the jury in a clear and comprehensive charge. The evidence was fully reviewed and certain alleged discrepancies in the evidence for plaintiff were pointed out and commented upon in a manner as favorable to defendant as he had a right to expect. After correctly explaining the distinction between related and concurring causes and successive and unrelated causes the learned trial judge said: "If you should find that this defendant was negligent and that his negligence was the proximate cause of this injury concurrently with that of Balis, or independently of that of Balis then you will consider damages, otherwise not." The verdict in favor of the plaintiff was set aside upon the ground, as we understand the opinion of the trial judge, that under all the facts a court should conclude as a matter of law that the proximate cause of the injuries "was the careless driving [by Balis] of the Overland car, and not the want of care on the part of the defendant."

The correctness of this conclusion is now challenged and our inquiry therefore is whether the plaintiff was entitled to have her case submitted to the jury. If binding instructions for the defendant would have been proper the judgment appealed from should be affirmed. In considering this question we must assume, in support of the verdict, the truth of the evidence for plaintiff and every inference fairly deducible therefrom. In the recent case of Scalet v. Bell Telephone Company, 291 Pa. 451, our Supreme Court has again pointed out that under an assignment such as we have here we are not to inquire whether one party or the other has the weight of the evidence, but the rule is that a case must be submitted to the jury, however strong the countervailing evidence may be, unless the "testimony [relied on to sustain the verdict] stands opposed to physical facts admitted, or the evidence thereof is of such a conclusive and unimpeachable nature as to amount to an admission." The testimony is conflicting and the plaintiff, of course, knew nothing about the circumstances of the collision. She called Balis, the driver of the Overland car, as one of her witnesses and his testimony is substantially corroborated by that of his sister who happened to be walking along the sidewalk at the northwest corner of 33rd and Huntingdon Streets. Examining the record in accordance with the rule stated we find evidence from which a jury might reasonably reach these conclusions: The Overland car had been recently purchased by a man by the name of Goldman to whom Balis had been giving instructions in its operation in Fairmount Park between eleven and twelve o'clock on the day of the accident. Before leaving the park Balis took the wheel and, driving the car east on Huntingdon Street (an east and west street, twenty-six feet wide from curb to curb), approached the right-angle intersection of that street with 33rd Street, a

north and south street, fifty feet wide from curb to curb and with sidewalks fifteen feet in width. Traffic was proceeding north and south on 33rd Street and when Balis reached the west side thereof he saw the defendant driving his Cadillac car north on 33rd Street, about midway between Huntingdon Street and Sargeant Street (the next east and west street to the south), or a distance of approximately sixty feet south of Huntingdon Street. Balis intended to cross 33rd Street and proceed east on Huntingdon. The court submitted fully and fairly to the jury the question whether Balis reached this intersection so far in advance of defendant (Weber v. Greenebaum, 270 Pa. 382) that, although the defendant was approaching from the right, Balis was justified in proceeding across 33rd Street. Balis gave this account of the collision: "And as I came to about the middle of the street [33rd] ...... two children left the cigar store from the northeast corner of 33rd and Huntingdon Streets, and they were crossing Huntingdon Street going from north to south on the east side of the street, and one child had just stepped off the curb, and one was on the curb yet, so I put [on] my brake, put her into low gear, traffic being heavy north and south, and I did not want to stop there and I proceeded for a while, just about ten or more feet and then I turned and saw that the Cadillac car was going strong so I turned northward and I was then hit by that car, that car struck me on the right rear wheel. Q. Then what happened? A. At that time I lost control and I probably stepped on the accelerator and the front of my car hit the door of that store and caused the accident. ...... Q. How fast were you going? A. About 15 miles." There was some evidence that the defendant's car was traveling approximately thirty miles an hour. The collision occurred within a few feet of the southeast corner of the intersecting streets and Balis testified that the right rear wheel of the car he was

driving was struck by the bumper of defendant's car. Goldman was not subpoenaed by either party and the trial judge properly commented to the jury upon the failure of plaintiff to call him as a witness.

Defendant and his witnesses gave a different version of the accident, claiming that the collision was slight and due to the unexpected turning by Balis to the north; but there was evidence from which the jury could reasonably conclude that defendant did not approach the intersection with his car under the control demanded by the circumstances. Granting this, the trial judge held that neither the speed at which defendant operated his car nor the collision with the Overland could be said to be the proximate cause of appellant's injuries. The language of his opinion is: "Her injury was undoubtedly caused by the Overland car running into this storeroom entrance and this was due to the faulty driving of the Overland car, which may have been due to the driver placing his foot on the accelerator instead of the brake, and keeping it there while crossing the street, mounting the curb, crossing the pavement and mounting the steps leading to the storeroom; or it may have been due to the Overland car being driven by the owner, who was learning to drive, and who was not produced in court, instead of by Balis, who claimed that he had taken the wheel when they left the park." But we are unable to find sufficient foundation in the evidence for these inferences which are in direct conflict with the positive testimony of Balis. At least the facts were so disputed that the inferences to be drawn therefrom were for the jury and not for the court.

This case, on its facts, is not unlike that of Howarth v. Adams Express Company, 269 Pa. 280, in which the right rear wheel of a truck of the Adams Express Company collided with the left front wheel of a truck of the Barrett Company while the former was being driven rapidly past the latter and going in the same

direction, thereby causing the driver of the Barrett truck to lose control of it so that it ran diagonally across the sidewalk and against a brick building, damaging the building and injuring the occupants. In that case our Supreme Court said: "The questions relating to defendant's negligence were for the jury, and the evidence supports the conclusion that such negligence was the proximate cause of the accident, as the Barrett truck seems to have struck the building because the collision had diverted its course and placed it beyond control of the chauffeur. There was no independent intervening cause and the natural and probable result of such a collision would be injury to persons or property or both. In such case the wrongdoer is liable for the consequences flowing from his act, although, in advance, the result actually occurring might have seemed improbable: Bunting v. Hogsett, 139 Pa. 363; Quigley v. Canal Co., 142 Pa. 388." It is proper to state that in another portion of the opinion it is said that "so far as appears the chauffeur of the Barrett truck was blameless." In this case it is contended that Balis was not blameless, but it is no answer by one who is guilty of negligence to say that the joint negligence of another person combined to produce the injury complained of. One who suffers an injury from the joint negligence of two or more persons has an action against them, either jointly or severally: Smith v. Yellow Cab Company, 285 Pa. 229. A majority of the members of this court are of opinion that under the evidence in this case the questions of defendant's negligence and whether it was the proximate cause of plaintiff's injuries were both for the jury and that the verdict should not have been disturbed.

Judgment for defendant reversed and now entered for plaintiff on the verdict.