348 A.2d 128

**Ann MILLER, Individually and as Administratrix of the Estate of Earl Miller**

v.

**CHECKER YELLOW CAB COMPANY OF BETHLEHEM, INC., et al., Appellants, and Bell Telephone Company of Pennsylvania.**

Supreme Court of Pennsylvania.

Argued Jan. 16, 1975.

Decided Nov. 26, 1975.

Victor F. Cavacini, Snyder, Doll & Schantz, Allentown, for appellants.

George A. Hahalis, Bethlehem, for appellee, Ann Miller.

John D. DiGiacomo, Teel, Stettz, Shimer & DiGiacomo, Easton, for appellee, Bell Telephone Co. of Pa.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION

NIX, Justice.

This appeal arises from an Action in Trespass brought by Mrs. Ann Miller on behalf of her deceased husband for personal injuries sustained by him during his lifetime.[1] The defendants in that action, Checker Yellow Cab Company of Bethlehem, Inc., Central Motoramp Garage Company, Inc., and Paul Pacheco, appellants herein, joined the Bell Telephone Company of Pennsylvania as an additional defendant. The matter proceeded to trial before a jury and a verdict was returned in favor of Miller and against the appellants and Bell Telephone Company of Pennsylvania in the sum of $11,860.55. Thereafter, the trial court entered an order granting a judgment n. o. v. to Bell Telephone Company of Pennsylvania and denied appellants' post-trial motions. The Superior Court affirmed per curiam. We granted allocatur to review the propriety of the grant of judgment n. o. v.

---

1. Mr. Earl Miller died subsequent to the accident from causes not related thereto. Mrs. Miller and Bell Telephone Company are appellees in this action.

in favor of Bell Telephone Company of Pennsylvania. For the reasons that follow, we now vacate the order entering the judgment n. o. v. and remand the cause to the trial court for entry of a judgment on the verdict.

In considering a motion for judgment n. o. v., the evidence together with all reasonable inferences therefrom is considered in the light most favorable to the verdict winner. *Collins v. Hand,* 431 Pa. 378, 246 A.2d 398 (1968); *Allison v. Snelling & Snelling, Inc.,* 425 Pa. 519, 229 A.2d 861 (1967).

The appellee, Mrs. Miller, presented evidence to establish that a telephone wire extended across High Street in the 800 block from a pole on the southwest corner of High & Spruce Streets to the Cancer Society Building on the northeast corner of High & Union Streets in the City of Bethlehem, Northampton County, Pennsylvania. The telephone wire was not of uniform height but was lower at the Cancer Building than at the service pole.

On January 23, 1970, the elevated stack of a passing tractor trailer caught the wire and ripped it loose from the Cancer Building. The unmoored end fell to the ground as the slackened wire lay draped across the other service wires.

At approximately 2:00 P.M. that same afternoon, Mr. Miller, who resided on the east side of the 800 block of High Street, attempted to remove the fallen line from the path of his parked automobile by coiling the wire in loops. Due to the obstruction, two vehicles had come to a stop in the middle of the roadway. However, a third vehicle, a taxicab operated by appellant Pacheco, veered around the other cars and did not halt until the wire was resting on the hood of the cab. Mr. Miller motioned for Pacheco to back up and called the instruction to him several times. The cab driver failed to comply but rather moved forward several car lengths. The wire which had now become entangled around Miller's feet was pulled taut, flipping him into the air and causing him to fall on

his head. After the accident, it was asertained that the wire was still lying across the hood of the taxi, stuck in the windshield wiper.

The allegation of negligence against Bell Telephone Company was predicated upon two factors. Initially, it is argued that Bell Telephone should have been on notice that trucks had previously come in contact with this low-hanging wire. The record indicates that on November 20, 1968; January 9, 1969; January 16, 1969; and again approximately six months before the incident in question, this particular wire had been similarly knocked down. It was therefore charged that despite these prior experiences, Bell Telephone failed to correct the condition in such a manner as to avoid repeated occurrences. Furthermore, the testimony revealed that a period of one to two hours had elapsed between the time that the Company was notified of this broken wire and the time of Mr. Miller's accident. Thus, it was also contended that the telephone company negligently failed to make repairs within a reasonable time.

The crucial issue presented in this appeal is whether the evidence justified a finding that Pacheco's negligence was a superseding cause *as a matter of law.*

The controlling rule of law in Pennsylvania on the extent of liability of a negligent actor, where that question is presented in the context of an intervening act of negligence, is contained in section 447 of the Restatement (Second) of Torts (1965):

"§ 447. Negligence of Intervening Acts

The fact that an intervening act of a third person is negligent in itself or is done in a negligent manner does not make it a superseding cause of harm to another which the actor's negligent conduct is a substantial factor in bringing about, if

(a) the actor at the time of his negligent conduct should have realized that a third person might so act, or

(b) a reasonable man knowing the situation existing when the act of the third person was done would not regard it as highly extraordinary that the third person had so acted, or

(c) the intervening act is a normal consequence of a situation created by the actor's conduct and the manner in which it is done is not extraordinarily negligent."

In interpreting this section of the Restatement, this Court has held:

"It is easily seen that this statement of the law, like the rules controlling the question of what conduct is negligent, presents *fact questions* of its own force. An intervening negligent act will not be a superseding cause relieving the original negligent actor from liability *if* that actor at the time of his negligent act *should have realized* that another person's negligence might cause harm; or, if *a reasonable man* would not regard the occurrence of the intervening negligence as *highly extraordinary*; or, if the intervening act is not *extraordinarily negligent*. What the original actor should have realized and what a reasonable man would say was highly extraordinary are, of course, fact questions which must in the majority of cases be left to the jury."

*Flickinger Estate v. Ritsky*, 452 Pa. 69, 75, 305 A.2d 40, 43 (1973). (Emphasis in original).

■ ■ The trial court relied on *Whitner v. Lojeski*, 437 Pa. 448, 263 A.2d 889 (1970) to substantiate its finding that Bell Telephone was relieved of liability as a matter of law. *Whitner* holds that ordinary negligence on the part of the second actor is not sufficient to relieve the first actor of liability, but extraordinarily negligent conduct by the second actor will be a superseding cause and insulate the antecedent tort feasor from liability. While we agree with this statement of the law, it is a long standing maxim that a trial court must submit questions of negligence to the jury. The Comment to Section

453 of the Restatement (Second) of Torts (1965), "Functions of Court" cautions:

"If, however, the negligent character of the third person's intervening act or the reasonable foreseeability of its being done (see §§ 447 and 448) is a factor in determining whether the intervening act relieves the actor from liability for his antecedent negligence, and under the undisputed facts there is room for reasonable difference of opinion as to whether such act was negligent or foreseeable, the question should be left to the jury."

See e. g, *Flickinger Estate v. Ritsky, supra; Bleman v. Gold,* 431 Pa. 348, 246 A.2d 376 (1968); *Nelson v. Duquesne Light Co.,* 338 Pa. 37, 12 A.2d 299 (1940); *Ashby v. Philadelphia Electric Co.,* 328 Pa. 474, 195 A. 887 (1938); *Scalet v. Bell Telephone Co.,* 291 Pa. 451, 140 A. 141 (1928); *Hargrove v. Frommeyer & Co.,* 229 Pa.Super. 298, 323 A.2d 300 (1974); *Curry v. Wolstencroft,* 93 Pa.Super. 13 (1927).

We cannot agree that the evidence to sustain the verdict against Yellow Cab was of such a conclusive and unimpeachable nature as to amount to an admission of intervening extraordinary negligence. *Curry v. Wolstencroft, supra* at 16.[2] In the instant case reasonable minds could and did find Bell Telephone concurrently liable.

2. In the charge to the jury the trial judge observed:
"On the question of credibility, I think, fortunately for you, and on the question as fact-finders, as I recall it, although it's factual and for you, finally, and not for me, but in passing on that point, or passing over that point, it occurs to me that there are not too many differences in the facts of the case. One big difference that occurs to me is what happened between Earl Miller and Mr. Pacheco just prior to the accident. The plaintiff's witnesses testified—and I'm talking, now generally and reviewing their testimony collectively. The plaintiff's witnesses, generally, testified that Mr. Miller saw this wire over the cab, over the hood of the taxicab, and went over and indicated to the cabdriver, Mr. Pacheco, that he should back up, whereupon Mr. Pacheco lowered his cab window and, I believe, said something which the witnesses did not hear and could not relate, but they said that Mr. Miller then indicated again, by

Indeed, in retrospect the jury could well have found the taxicab driver's reactions not at all an abnormal or extraordinary consequence of the situation Bell Telephone had initiated. See, Comment (b), Restatement (Second) of Torts, § 443 (1965); Cf. *Gaupin v. Murphy,* 295 Pa. 214, 145 A. 123 (1928).

▮ It is true that persons who proceeded without due regard for obvious physical obstructions have on occasion been found by this Court to have been extraordinarily negligent as a matter of law. Compare, *Flickinger Estate v. Ritsky, supra; Whitner v. Lojeski, supra.* However, where the facts upon which the claim of extraordinary negligence is preducated are disputed, as is the case here, see note 2 *supra,* this dispute must be resolved by the trier of fact upon proper charge. Here, the issue of superseding cause was submitted to the jury in a clear, comprehensive charge, *Whitner v. Lojeski,*

> motion, that he should back up and he said, 'Back up,' whereupon Mr. Pacheco shook his head in a negative fashion, put out his hands in the manner indicated by the witnesses, and then drove forward, causing the wire to tighten and the wire became entangled around Mr. Miller's ankles and threw him down on his head, with the resultant injuries. Mr. Pacheco's testimony is quite different. Mr. Pacheco told you how he went around a car and got into his south lane of traffic again and how he saw the wire on the hood of his car, and that then Mr. Miller came over, and, as I recall it—and if my recollection differs from yours, take your recollection of the testimony, because you are the sole judges of the facts—but as I recall it, Mr. Pacheco said that Mr. Miller told him to drive forward, which he did, and then he heard the snap and the wire had broken and Mr. Miller was injured.
>
> *There is a very different set of facts in the testimony of the plaintiff's witnesses and the defendant, Mr. Pacheco, and this will certainly call for your attention to resolve those differences and determine what the true facts are. And you may do that by way of credibility or wherein the greater probability of truth lies, or however you can reconcile those differences and arrive at the true facts of the case."* (Emphasis added)

It is precisely the resolution of this conflict which is determinative of Mr. Pacheco's alleged extraordinary negligence. As the court correctly noted at that point the factual determination was within the sole province of the jury.

*supra* [3], and the court erred in disturbing their resolution of the issue.

The order of the Superior Court is reversed. The judgment n. o. v. for Bell Telephone Company of Pennsylvania is vacated, and the case remanded for entry of judgment on the verdict.

ROBERTS, J., concurs in the result.

JONES, C. J., dissents.

**3.** At the request of the defendants, the trial judge instructed the jury as follows:

"One who negligently creates a dangerous condition cannot escape liability for the natural and probable consequences thereof, although the innocent act of a third party may have contributed to the final result. In determining whether an intervening force is a superseding cause, the inquiry depends on whether the intervening conduct was so extraordinary as not to have been reasonably foreseeable, or whether it was reasonably to be anticipated. The question of what is the proximate cause of an accident is almost always one of fact for the jury.

. . . . . . . .

The test to determine whether or not the actions of a party constitute an extraordinary negligence is whether or not Paul Pacheco proceeded—I would add negligently—in the face of a known danger.

. . . . . . . .

If you find as a fact that the conduct of Paul Pacheco was extraordinary negligent, then Bell Telephone Company of Pennsylvania would not be liable since one cannot be expected to foresee extraordinary negligence on the part of another."