Philadelphia Housing Authority, Appellant *v.* Union of Security Officers No. 1, Appellee.

Argued October 8, 1980, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*James M. Deleon,* with him *Paul Eisenberg,* for appellant.

*Ronald L. Wolf, Litvin, Blumberg, Matusow & Young,* for appellee.

OPINION BY JUDGE BLATT, December 31, 1980:

The Philadelphia Housing Authority (Authority) appeals here from an order of the Court of Common

Pleas of Philadelphia County affirming an arbitrator's award which reinstated Richard Green (employee) to the Authority's employment.

The employee had worked as an Authority security officer for approximately eleven years when, on March 27, 1979, he was discharged for allegedly using his position to obtain an improper financial relationship with one Henry Herbert, an elderly resident at the housing project where the employee worked. The employee sought reinstatement to his position through the grievance procedure provided for in his collective bargaining agreement. The parties failed to reach a settlement, and the dispute was then submitted to arbitration.

The arbitrator made the following relevant findings of fact: (1) the employee took advantage of Mr. Herbert by securing the deposit of $953.74 into a joint account, and (2) there was a close relationship between Mr. Herbert and the employee's family. The arbitrator concluded that the employee was in a position to take advantage of Mr. Herbert as a result of their family friendship and not as a result of the employee's position as a security officer, and that, although some disciplinary action was appropriate, the penalty of discharge was too severe. The arbitrator ordered the employee reinstated without back pay.

The Authority's first contention is that the collective bargaining agreement between the employee's union and the Authority left the Authority with the unreviewable discretion to discharge its employees. The collective bargaining agreement, however, clearly provides that the Authority has the right to discharge its employees for just cause but that such disciplinary action may be contested through the grievance procedure. This being the case, the arbitrator could legitimately determine that the given facts did not amount to just cause for the employee's dismissal,

so his review is clearly contemplated. As we stated in *City of Lebanon v. AFL-CIO,* 36 Pa. Commonwealth Ct. 442, 448, 388 A.2d 1116, 1119 (1978):

> [T]hese are issues for the arbitrator to resolve, at least in the first instance. What constitutes 'just cause' is peculiarly likely to vary with what the United States Supreme Court has called the common law of the shop [citation omitted] and may depend upon such factors as the prior practice of the particular employer or of other employers in the same industry. It is precisely because the arbitrator is more familiar with the relevant indicia of the parties' intentions that his construction of the agreement is given such great weight.

The Authority also questions the validity of the arbitrator's findings, contending in particular that the employee did not have a personal friendship with Mr. Herbert and that he improperly used his position with the Authority to gain a position of trust with this tenant of the Authority. However, Section 11 of the Arbitration Act of 1927[1] provides, *inter alia,* that the reviewing court shall not overturn the arbitrator's award unless it is "such that had it been a verdict of the jury the court would have entered different or other judgment notwithstanding the verdict." Moreover, it is well established that "[a] court will enter a judgment notwithstanding the verdict if, and only if, viewing all the evidence (including inferences reasonably to be drawn therefrom) most favorably to the verdict winner, the elements of the cause of action or defense asserted have not, as a matter of law, been established." *Community College of Beaver County v. Society of Faculty,* 473 Pa. 576, 589, 375 A.2d 1267, 1273 (1977); *Miller v. Checker Yellow Cab Co.,* 465 Pa.

---

[1] Act of April 25, 1927, P.L. 381, *as amended,* 5 P.S. §171(d).

82, 348 A.2d 128 (1975). Our Supreme Court has further held that the "n.o.v." concept is the same as the "essence test" which requires that an arbitrator's award in a labor dispute be affirmed as long as it draws its essence from the collective bargaining agreement. *Community College of Beaver County, supra.* We find here no manifest disregard of the agreement and we agree with the lower court that the agreement clearly draws its essence from an interpretation of what constitutes just cause for dismissal under the agreement. We will accordingly affirm.

### ORDER

AND Now, this 31st day of December, 1980, the order of the Court of Common Pleas of Philadelphia County, dated March 7, 1979, is affirmed.

Judge MENCER dissents.