449 A.2d 601

Charles A. SKALOS and Mary T. Skalos, his wife

v.

Elmer HIGGINS, Duquesne Electric and Manufacturing Company, Manning, Maxwell & Moore, Inc. and Dresser Industries, Inc.

**Appeal of DUQUESNE ELECTRIC AND MANUFACTURING COMPANY.**

Superior Court of Pennsylvania.

Argued Oct. 15, 1981.

Filed Aug. 6, 1982.

Petition for Allowance of Appeal Denied Feb. 23, 1983.

Robert E. Wayman, Pittsburgh, for appellants.

James D. Elder, Pittsburgh, for appellees.

Before WIEAND, JOHNSON and MONTEMURO, JJ.

JOHNSON, Judge:

This is an appeal from the entry of judgment against Duquesne Electric and Manufacturing Company (DEMC) in a personal injury action.

Charles A. Skalos and his wife instituted suit against the named defendants after Mr. Skalos received severe personal injuries when he was knocked from the roof of a small concrete block building, located inside DEMC's large building, by a crane operated by DEMC's employee Higgins. Plaintiff had been employed as an independent contractor to perform certain remodeling work on the small concrete building pursuant to a contract with DEMC. Plaintiff had worked on numerous occasions since 1970 on the roof of the small structure, as he was in charge of the work being done. He was injured when a crane, operated by DEMC's employee defendant Higgins, struck him, knocking him off the roof of the small concrete building onto the floor twenty-two feet below.

Plaintiff had been working along with a helper, who usually served as a lookout but, at the time of the accident, the helper had gone to the floor of the main building to retrieve materials. Plaintiff testified that it was necessary for him to get into a crouched position on the roof in order to avoid being hit by the crane, when the crane passed over the small concrete building. The record indicates that because of the noise created in the larger building, it was not possible to hear the crane moving. In order for Plaintiff to have the crane disabled while he worked on the roof, it was

necessary to make arrangements with an employee of DEMC to have the fuses pulled. However, this was not always feasible, as the crane was needed for work by DEMC's employees. Also, Plaintiff stated that he intended to use the crane himself on the day of the accident. The crane was operated by a pendant from the floor of the main building and was not equipped with a siren, horn or light.

At the close of Plaintiffs' case on liability, the Court entered a nonsuit on behalf of defendants Manning, Maxwell & Moore, Inc., and Dresser Industries, Inc. The jury found in favor of defendant Higgins against both Plaintiffs and in favor of Plaintiffs against DEMC. Following denial of DEMC's motions for a new trial and judgment n.o.v., judgment was entered in the amount of $250,000 in favor of Charles A. Skalos and $25,000 in favor of Mary T. Skalos. This appeal followed.

Appellant DEMC raises five issues on appeal: (1) where the court charges the jury as to the liability of a possessor of land for activities conducted thereon, is not a verdict in favor of the defendant employee and against the employer possessor inconsistent, requiring the court to enter a judgment n.o.v. for the employer possessor, where there is no evidence of any independent negligence by the employer possessor?, (2) where the evidence discloses that the Plaintiff is aware of all the dangers and risks involved, is the Plaintiff not guilty of contributory negligence as a matter of law and barred from recovery when he fails to use due care for his own safety?, (3) should not a judgment n.o.v. be entered where the evidence clearly shows that it was reasonable for the possessor to believe that the dangerous condition would be obvious to and discovered by his invitee?, (4) where the court was requested to charge the jury that there is no requirement that the crane involved be equipped with a horn, light or siren and the court agreed but failed to do so and the jury's verdict is obviously predicated upon some theory not charged by the court, should not a new trial be granted?, and (5) where there is no evidence of independent negligence on the part of a possessor employer, should not

the court grant a new trial when the jury finds in favor of the employee and against the employer since the verdict is inconsistent?

The court in *Atkins v. Urban Redevelopment Authority of Pittsburgh,* 489 Pa. 344, 351, 414 A.2d 100, 103, 7 A.L.R. 4th 1120 (1980) stated:

A judgment n.o.v. should be entered only in a clear case, and any doubts should be resolved in favor of the verdict. *Stewart v. Chernicky,* 439 Pa. 43, 266 A.2d 259 (1970). In considering a motion for judgment n.o.v., the evidence, together with all reasonable inferences therefrom, is considered in the light most favorable to the verdict winner. *Miller v. Checker Cab Co.,* 465 Pa. 82, 348 A.2d 128 (1975).

*See also, O'Malley v. Peerless Petroleum, Inc.,* 283 Pa.Super. 272, 423 A.2d 1251 (1980).

I.

The lower court, in pertinent part, charged the jury as follows:

However, it is also true, as I shall read to you, that a possessor of land is subject to liability to his invitees for physical harm caused to them by his failure to carry on his activities with reasonable care for their safety if, but only if, he should expect that they will not discover or realize the danger, or fail to protect themselves against it. And, further, a possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm, despite such knowledge or obviousness.

This portion of the charge is taken from Restatement (Second) of Torts §§ 341 A and 343 A (1965).

Appellant DEMC argues that because its employee Higgins was not found to have been negligent, it is inconsistent for Appellant to be held negligent where no evidence of *independent* negligence by Appellant exists, because Appellant, as a corporate entity, can only act through an agent, such as its employee Higgins.

■ Where the master is joined with his servant in an action based wholly on the servant's negligence or misconduct, the master cannot be held liable unless there is a cause of action against the servant, but where the case is founded on the proposition that the master was independently negligent, and no attempt is made to restrict the alleged negligent acts to its servants alone, recovery can be had against the master, irrespective of the servant's liability. *Pryor v. Chambersburg Oil & Gas Co.*, 376 Pa. 521, 103 A.2d 425 (1954); *see also, East Broad Top Transit Co. v. Flood*, 326 Pa. 353, 192 A. 401 (1937). The pleadings and proof at trial clearly indicate that separate theories were advanced concerning the independent, as well as the derivative, negligence of DEMC.

Appellant's reliance on *Crotty v. Reading Industries, Inc.*, 237 Pa.Super. 1, 345 A.2d 259 (1975) is misplaced. In *Crotty*, the plaintiff, an independent contractor, was injured when an employee of the defendant engaged a machine on which the plaintiff was working. The issue before the court was whether the lower court erred in refusing to charge the jury on the duty owed by a possessor of land to a business visitor. The court stated, *by way of dictum*, that the plaintiff was not injured by a condition on the premises but by the active negligence of an employee. However, the court also stated that:

> The occupier's duty is one of due care under all the circumstances. That duty includes *the duty to inspect the premises and to discover dangerous conditions, Durning v. Hyman*, 286 Pa. 376, 133 A. 568 (1926); and the duty to use care not to injure a business visitor by negligent activity. Restatement (Second) of Torts, § 341 A (1965).

*Id.*, 237 Pa.Superior Ct. at 11, 345 A.2d at 264 (emphasis added). We therefore find this issue to be without merit.

## II.

The second issue involves whether Plaintiff was contributorily negligent and barred from recovery when, with knowledge of the danger and risk, he failed to use due care for his own safety.

We have said that one who fails to observe a dangerous condition plainly visible and nevertheless proceeds without regard to his own safety must be held guilty of contributory negligence as a matter of law. *Atkins v. Urban Redevelopment Authority of Pittsburgh*, 263 Pa.Super. 37, 396 A.2d 1364 (1979), *affirmed in part and appeal dismissed in part*, 489 Pa. 344, 414 A.2d 100, 7 A.L.R. 4th 1120 (1980). A person may not recover for injuries which are received as a result of a failure on his part to observe and avoid an obvious condition which ordinary care for his own safety would have disclosed. *Brewster v. Morrone*, 395 Pa. 642, 151 A.2d 607 (1959). However, it is well-settled that contributory negligence will be declared as a matter of law only where it is so clear that there is no room for fair and reasonable disagreement as to its existence. *Marinelli v. Montour Railroad Co.*, 278 Pa.Super. 403, 420 A.2d 603 (1980).

"In determining the standard of conduct of one who is injured in the performance of his employment, the working conditions and all of the circumstances incident thereto, including his obligation to do his job, must be considered: *Stringert v. Lastik Products Co., Inc.*, 397 Pa. 503, 155 A.2d 625 (1959). If in performing his employment, a workman conforms to the ordinary usage thereof, this is evidence of the exercise of due care and indicates lack of careless conduct; *Mutter v. Slaymaker*, [404 Pa. 369, 171 A.2d 779], supra. As stated in *Van Zandt v. Phila B. & W.R.R. Co.*, 248 Pa. 276, 93 A. 1010 (1915), at 281: 'What is required of the workman is that he exercise care for his safety according to the circumstances. He knows he is occupying a place of great danger and his care must be commensurate with that danger. He is equally cognizant of the fact that he must perform faithfully the services required of him. Both obligations are resting upon him, and each must be met with a due regard to the other.' " [5]

*Lambert v. PBI Industries*, 244 Pa.Super. 118, 131–32, 366 A.2d 944, 950–51 (1976), *citing Gregorius v. Safeway Steel*

*Scaffolds Co.*, 409 Pa. 578, 584, 187 A.2d 646, 649 (1963) (footnote omitted).

■ Upon a review of the evidence, it is clear that Plaintiff was aware of the danger in working on the roof of the small building while the crane was operated by an employee of DEMC. The record also indicates evidence that it was not practical to disable the crane for the entire period of time when the plaintiff was on the roof. However, the evidence also shows that DEMC either had knowledge or should have known that the operation of the crane posed a safety threat to anyone working on the roof of the small building. Therefore, the question was one for the jury, which could have reasonably determined that Plaintiff was not contributorily negligent. *See Van Zandt v. Philadelphia B&W R.R. Co.*, 248 Pa. 276, 93 A. 1010 (1915).

We find this issue to be without merit.

### III.

Appellant's third issue concerns the propriety of entering a judgment n.o.v. where the evidence indicated that it was reasonable for the possessor to believe that the dangerous condition would be obvious to, and discovered by, his invitee.

Section 343 A(1), Restatement (Second) of Torts (1965) states:

§ 343 A. Known or Obvious Dangers

(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

The evidence does show that Plaintiff, a business invitee, knew of the danger posed by the crane. However, the last clause of § 343 A(1) discusses the mitigating situation which occurs when the possessor should anticipate the harm despite such knowledge or obviousness.

■ Appellant cites *Atkins v. Urban Redevelopment Authority of Pittsburgh, supra* for support. This case is distin-

guishable. In *Atkins,* the plaintiff, while examining a house controlled by his employer, Housing Authority of the City of Pittsburgh (HACP), fell down a flight of stairs where a step was missing. It was plaintiff's job to check the condition of the house and the evidence indicated that plaintiff failed to look at the steps as he navigated his way down them. There is no indication in *Atkins* that the Urban Redevelopment Authority knew of the danger or that the said danger was obvious to them. Also, the Urban Redevelopment Authority had little, if any, control over the conditions of the premises where the plaintiff was injured. In fact, it was plaintiff's employer, HACP, that controlled the property and not the Urban Redevelopment Authority. Finally, section 343 A is not the basis of the decision in *Atkins,* but is merely referred to in a footnote. Therefore, we find that *Atkins* does not apply to the facts in the instant case.

It is a general rule that a possessor of land has a duty (1) to use reasonable care to make the premises safe for the use of persons invited to use the premises for business purposes or (2) to give them adequate and timely warning of dangers known to him but unknown to the business invitees. *Janowicz v. Crucible Steel Company of America,* 433 Pa. 304, 249 A.2d 773; § 343, Restatement 2d, Torts. Moreover, a possessor of land *who retains and exercises control over work,* including construction work, *entrusted to an independent contractor* is liable for harm caused by his failure to use reasonable care in the exercise of that control. *Cooper v. Heintz Mfg. Company,* 385 Pa. 296, 122 A.2d 699; *Hader v. Coplay Cement Mfg. Company,* 410 Pa. 139, 189 A.2d 271; § 414, Restatement 2d, Torts. *Janowicz v. Crucible Steel Company of America,* 443 Pa. 304, 249 A.2d 773, *supra*; § 332, Restatement 2d Torts, Comment e.

*Crane v. I.T.E. Circuit Breaker Co.,* 443 Pa. 442, 444–45, 278 A.2d 362, 363–64 (1971) (Emphasis in original). A possessor of land owes a duty to protect invitees from foreseeable harm and, in some circumstances, from obvious danger. *Jones v. Three Rivers Management Corp.,* 483 Pa. 75, 394 A.2d 546 (1978).

Also, Comment f. to section 343 A of the Restatement states, in part:

Such reason to expect harm to the visitor from known or obvious dangers may arise, for example, where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it. Such reason may also arise where the possessor has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk. In such cases the fact that the danger is known, or is obvious, is important in determining whether the invitee is to be charged with contributory negligence, or assumption of risk. (See §§ 466 and 496 D.) It is not, however, conclusive in determining the duty of the possessor, or whether he has acted reasonably under the circumstances.

■ It is clear that on the facts of the instant case, the issue was one for the jury. The lower court properly charged the jury on section 343 A and we cannot say that the trial court's refusal to overturn the jury's determination was a clear abuse of discretion.

## IV.

The fourth issue involves Appellant's request for a jury charge concerning the fact that Appellant was not required, under applicable law, to equip the crane with warning devices. Appellant argues that the lower court agreed to its request, but failed to charge the jury on the subject.

The lower court stated that:

One of—the testimony of Mr. Skalos also was to the effect—and it's not questioned here—that the—this particular crane does not have any bells, or flashing lights, or sirens. And it is one of the contentions made in behalf of the Plaintiffs that that is negligent conduct on the part of

Duquesne Electric, apart from what might be thought of the conduct of Mr. Higgins. Of course, the defense counters that with the fact that there is no such requirement in law that a crane of this nature has those things, and that—they contend that that would not be a reasonable requirement where all you have is the possibility—where all—the only place it traverses anything that—which there could be an individual is a roof.

Appellant alleges this was inadequate; the court should have charged the jury that, *as a matter of law*, the crane was not required to have a warning device attached to it.

We find this allegation to be meritless. It is clear from the judge's charge, as quoted *supra*, that he did, in fact, charge the jury concerning the lack of a legal requirement concerning warning devices. The method in which the lower court phrased the issue does not rise to the level of error.

As stated in *McGowan v. Devonshire Hall Apartments*, 278 Pa.Super. 229, 240–41, 420 A.2d 514, 520 (1980):

It is well established that the trial judge has the discretion to summarize the evidence adduced at trial, *Commonwealth v. Crawford*, 452 Pa. 326, 305 A.2d 893 (1973); *Solomon v. Luria*, 213 Pa.Super. 87, 246 A.2d 435 (1968), and the extent of his review depends largely upon the circumstances of the case and is left within his judgment, *Commonwealth v. Walker*, 178 Pa.Super. 522, 116 A.2d 230 (1955).

Concerning the specific facts in the instant case, compliance with law or administrative regulation relieves the actor of negligence per se, but it does not establish as a matter of law that due care was exercised. *Berkebile v. Brantly Helicopter Corp.*, 219 Pa.Super. 479, 281 A.2d 707 (1971).

We therefore find no error by the lower court.

## V.

Appellant's final issue involves the allegation that where the jury has rendered an inconsistent verdict, should not a new trial be granted by the lower court.

The jury found DMEC guilty of negligence, but found DMEC's employee Higgins not guilty of negligence. Appellant argues that DMEC was found to have been negligent in the operation of the crane. However, DMEC's argument fails to consider that Plaintiffs raised at least two distinct theories of negligence in their pleadings, one involving the liability of the possessor of land, as well as the theory of negligence of DMEC through the doctrine of respondeat superior.

It is clear that if DMEC's employee was found to not have been negligent, that DMEC could not be held negligent under the doctrine of respondeat superior.

An inconsistency mandating a new trial may justifiably be declared to exist only if there is no reasonable theory or conclusion to support the verdict. *Baldassari v. Baldassari*, 278 Pa.Super. 312, 420 A.2d 556 (1980); *see also Pryor v. Chambersburg Oil and Gas Co., supra; East Broad Top Transit Co. v. Flood, supra.*

Under the theories of negligence as pleaded under Restatement (Second) of Torts §§ 341 A and 343 A (1965), Appellant could have been held liable either for its negligence in failing to carry on its activities with reasonable care for Mr. Skalos' safety or for Appellant's failure to anticipate the harm caused by the danger, even if that danger is known or obvious.

Therefore, Appellant's final issue is meritless.

The judgment entered February 24, 1981 is affirmed.

WIEAND, J., concurs in the result.