**Lasek v. West Bend Equipment Company**

232

C.P. of Crawford County, A.D. no. 1994—797.

*Christopher J. Youngs* and *Kenton R. O'Neil,* for plaintiffs.

*Francis J. Klemensic,* for defendants.

VARDARO, *J.,* February 27, 1995—The plaintiff husband filed a complaint in which he alleges that while employed as a maintenance worker by PPG Industries on October 5, 1992 he was severely and permanently injured while performing regular and foreseeable maintenance work upon a coil rotator machine manufactured by the defendant West Bend Equipment Corporation.[1] The action only alleges strict liability under section 402A of the Restatement (Second) of Torts.

The defendants filed an answer with new matter which in part contains the following:

---

1. The plaintiffs further allege that in 1988 the defendant West Bend Equipment Company purchased the assets of the former West Bend Equipment Corporation and continued in the business of manufacturing coil rotator machines.

"(37) The plaintiff voluntarily and consciously assumed the risk of his own alleged injuries and damages.[2]

(38) The alleged machine was misused and/or abused and/or altered and/or abnormally used and/or substantially changed by the plaintiff and/or others.

(39) Plaintiff was negligent in the following respects:

(a) Failing to properly use the machine;

(b) In improperly operating the machine;

(c) In disconnecting the drive chain without making sure the machine would not rotate;

(d) In allowing others to remove the drive chain without making sure the machine would not rotate;

(e) In releasing or allowing others to release the brake without making sure the machine would not rotate;

(f) In allowing others to pry the drive chain from the unit when plaintiff was in an unsafe position;

(g) In working in cramped quarters in a poorly lighted work environment;

(h) In failing to use any mechanical means or other means to block the machine from rotating once the drive chain was removed;

(i) In allowing an angled platen to be attached to the machine at the time of maintenance operation;

(j) In improperly performing or allowing others to improperly perform maintenance work on the machine;

(k) In prying the drive chain from the unit or allowing others to pry the drive chain from the unit when plaintiff

---

2. We note that Pa.R.C.P. 1030(b), effective September 1, 1994 (prior to the defendant filing its answer and new matter), does not require the affirmative defense of assumption of the risk be pled.

was in an unsafe position and when he knew or should have known that same would result in the machine rotating;

(l) In failing to take measures to prevent any alleged rotation of the machine;

(m) In allowing the creation of a dangerous condition;

(n) In misusing, altering, substantially changing, and abnormally using the machine as referred to above;

(o) In failing to properly perform his job functions and direct others relative to maintenance operations;

(p) In failing to properly examine and/or test the alleged rotation of the machine once the drive chain was disconnected. . . .

(50) Any product allegedly designed, manufactured, engineered, assembled, and/or sold by the defendants was designed, manufactured, engineered, assembled and/or sold in accordance with the prevailing standards and customs of the state of the art in the industry at the time."

The plaintiffs filed preliminary objections to the new matter in the nature of a motion to strike pursuant to Pa.R.C.P. 1028(a)(2) in which they request the court to strike paragraphs 39 and 50 of the defendants' new matter.[3]

## DISCUSSION

The Supreme Court of Pennsylvania long ago held that a plaintiff cannot be precluded from recovery in a products liability case because of his own contributory negligence. *McCown v. International Harvester Co.*, 463 Pa. 13,

---

3. The defendants have agreed that paragraph 50 should be withdrawn and have voluntarily agreed to withdraw their "state of the art" defense.

342 A.2d 381 (1975); *Berkebile v. Brantly Helicopter Corporation,* 462 Pa. 83, 337 A.2d 893 (1975).

The decision in *McCown, supra* was made prior to the enactment of Pennsylvania's Comparative Negligence Law (42 Pa.C.S. §7102) but the Supreme Court has recently considered the matter in light of the Comparative negligence Statute and held that comparative negligence may not be asserted as a defense in a section 402A strict product liability action. *Kimco Development Corporation v. Michael D's Carpet Outlets,* 536 Pa. 1, 6, 637 A.2d 603, 607 (1993).

However, the actions of a plaintiff may remain relevant in a strict liability action brought under section 402A in two ways. First, such actions may be relevant with respect to an assumption of the risk defense and, secondly, with respect to the specific question of causation.

Assumption of the risk remains a defense in a products liability case where a plaintiff knows of a specific defect and voluntarily proceeds to use the product with knowledge of the danger caused by the defect. *Howell v. Clyde,* 533 Pa. 151, 162 n.10, 620 A.2d 1107, 1113 n.10 (1993). Elements of assumption of a risk that a defendant must demonstrate include a showing that the plaintiff fully understood the specific risk and voluntarily chose to encounter it under circumstances that manifest a willingness to accept the risk. *Kupetz v. Deere & Company Inc.,* 435 Pa. Super. 16, 19, 644 A.2d 1213, 1219 (1994). If the plaintiff knows of the specific defect eventually causing his or her injury and voluntarily proceeds to use the product with knowledge of the danger caused by the defect, recovery is precluded. *Berkebile, supra* at 100, 337 A.2d at 901.

"Thus, the essence of the assumption of risk defense is not fault but that the plaintiff changed his position. Before the injury, he intelligently acquiesced in a known danger and abandoned his right to complain. . . ." *Kupetz, supra* at 30, 644 A.2d at 1220.

A plaintiff's knowledge and understanding of the risk may be shown by circumstantial evidence, *Mucowski v. Clark,* 404 Pa. Super. 197, 201-202, 590 A.2d 348, 350 (1991), but under no circumstances is a plaintiff's knowledge of the defect contained in the product to be determined utilizing the objective knowledge of a reasonable man, *Berkebile, supra* at 100, 337 A.2d at 902, which might imply application of negligence principles.

The second way in which defendants are permitted to offer evidence of the plaintiff's actions are with respect to how it relates to causation. *Bascelli v. Randy Inc.,* 339 Pa. Super. 254, 259, 488 A.2d 1110, 1113 (1985). Pursuant to section 402A, before a manufacturer can be found strictly liable for damages caused by his product, it must be shown that his product was defective and that the defect was a substantial factor in causing plaintiff's injuries. *Sherk v. Daisy-Heddon,* 498 Pa. 594, 598, 450 A.2d 615, 617 (1982).

A manufacturer defendant must be permitted to present relevant evidence with regard to that second causation element. For instance, in *Bascelli, supra,* the plaintiff was injured in a motorcycle accident and alleged that the accident occurred as he was traveling 35 to 40 miles per hour due to the fact that there was a defect in the handlebar assembly causing it to loosen and resulting in him losing control of the motorcycle. The defendants attempted to introduce evidence that the plaintiff had ad-

mitted to another individual after the accident that he had lost control of the motorcycle while going 100 miles per hour and the court did not allow that evidence due to the fact that such evidence would have raised a contributory negligence issue which could not properly be raised. The Superior Court reversed holding that such evidence was admissible because it was being offered to show the cause of the accident and the fact that it also tended to show contributory negligence on the part of the plaintiff did not render it inadmissible. *Bascelli, supra* at 261-62, 488 A.2d at 1114.

A similar result occurred in the case of *Foley v. Clark Equipment Co.,* 361 Pa. Super. 599, 523 A.2d 379 (1987). In that case, the plaintiff was struck by a forklift truck while traversing a pedestrian crosswalk on the premises of his employer resulting in serious injury. He brought suit against the manufacturer and distributor of the forklift as well as a leasing company that had leased it to his employer alleging that they were strictly liable under section 402A because they sold or leased the forklift in an unreasonably dangerous condition.

The defendants attempted to introduce evidence with respect to the activities of the plaintiff and the forklift operator at the time of the accident not for the purpose of arguing negligence but instead to aid the jury in their determination as to the legal cause of the accident. The trial court did not accept that argument and refused to instruct the jury in fact telling them specifically that the case did not involve carelessness or negligence or contributory negligence. *Foley, supra* at 610, 523 A.2d at 384-85. The Superior Court again reversed noting the plaintiff must prove that a defective product has been a substantial factor in causing his or her injuries. The court specifically cited section 433 of the Restate-

ment (Second) of Torts which lists the considerations which are important in determining whether negligent conduct (or defective product) is a substantial factor in producing harm. Specifically, section 433 states:

"The following considerations are in themselves or in combination with another important in determining whether the actor's conduct is a substantial factor in bringing about harm to another:

"(a) the number of other factors which contribute in producing the harm and the extent of the effect which they have in producing it;

"(b) whether the actor's conduct has created a force or series of forces which are in continuous and active operation up to the time of the harm, or has created a situation harmless unless acted upon by other forces for which the actor is not responsible;

"(c) lapse of time." Restatement (Second) of Torts §433.

Judge Wieand writing in *Foley, supra,* went on to cite comment a to section 433 as to why these considerations were significant:

"First, they are important as considerations which the jury should take into account when the substantial factor question is left to them. Second, they are important to the trial judge in so framing his instructions as to call the jury's attention to such of these considerations as are pertinent to the facts which the jury might reasonably infer from the evidence. Third, they are important to a court in determining whether upon the evidence there is room for a reasonable difference of opinion as to whether the defendant's negligence is a substantial factor in bringing about the other's harm. *Id.* comment a." *Foley, supra* at 627, 523 A.2d at 393.

If there is an intervening act which operates as a superseding cause of the injury, it will relieve the manufacturer from liability. See Restatement (Second) of Torts, §440, comment b; *Burch v. Sears, Roebuck and Co.,* 320 Pa. Super. 444, 452, 467 A.2d 615, 619 (1983).

Furthermore, if the negligent character of the third person's intervening act or the reasonable foreseeability of it being done is a factor in determining whether the intervening act relieves the manufacturer from liability for his defective product, and under the facts there is room for reasonable difference of opinion as to whether such act was negligent or foreseeable, the questions must be left to the jury. See Restatement (Second) of Torts §453, comment b. See also, *Foley, supra; Miller v. Checker Yellow Cab Co. of Bethlehem Inc.,* 465 Pa. 82, 88, 348 A.2d 128, 130 (1975); *Flickinger Estate v. Ritsky,* 452 Pa. 69, 75, 305 A.2d 40, 43 (1973).

In the case now before us, the defendants have clearly pled assumption of the risk as a defense in paragraphs 37 and 38 of their new matter.

In paragraph 39, while the first line seems to indicate allegations of negligence, reading the new matter as a whole convinces us that the real intention of paragraph 39 is not to make a case for comparative negligence but to merely state the manner in which the defendants allege the plaintiff, John J. Lasek, assumed the risk of his own alleged injuries and damages and to further set forth what alleged intervening acts of the plaintiff operate as a superseding cause of the alleged injuries and damages to the plaintiff. We find all of that to be proper.

We do need, however, to examine subparagraphs (a), (b), (j), (m), (n) and (o) of paragraph 39 to determine

if they are overly broad and factually insufficient, since that issue is raised in the alternative by the plaintiffs. In doing so, we find that each of those paragraphs are vague, non-specific allegations of the type contemplated by the Pennsylvania Supreme Court in *Connor v. Allegheny General Hospital,* 501 Pa. 306, 461 A.2d 600 (1983) and by this court in *McBride v. Spang,* 24 Crawford County Leg. J. 10, 18 (1994).

Accordingly, we will enter the following order:

## ORDER

And now, February 27, 1995, upon consideration of the plaintiffs' preliminary objections to the new matter of the defendants, we decline to strike paragraph 39 in its entirety but we will strike subparagraphs 39(a), (b), (j), (m), (n) and (o) as being too vague without prejudice to the defendants to replead their new matter within 20 days of the date of this order.

We will strike paragraph 50 of the defendants' new matter as improperly raising a "state of the art" defense.