DISSENTING OPINION BY
JUDGE WOJCIK
I respectfully dissent. Pezzano does not dispute that he sued the Township, the party with whom he contracted directly, based upon the actions of the Township’s agents or employees. He argues that a contract can be breached by the actions of one who is not a party to that contract. He claims that just like a private corporation, the Township can only act or carry out its duties through people such as its agents or employees. He asserts that Mosesso’s and Wilson’s statements were made as agents of the Township within the scope of their duties, and these actions can be imputed to the Township in a breach of contract action. As a result, Pezzano claims that the trial court erred in dismissing his breach of contract claim against the Township.
We addressed Pezzano’s agency argument in an unreported opinion[1] based on an identical set of facts in Leis v. Mosesso, 2015 WL 5435040 (Pa. Cmwlth., Nos. 249 C.D. 2014, 250 C.D. 2014, 251 C.D. 2014, filed April 17, 2015).[2] In that case, we explained that “[ujnless a cause of action exists against the defendant Supervisors, the Township cannot be held liable.” Id., slip op. at 8 (citing Mamalis v. Atlas Van Lines, Inc., 364 Pa.Super. 360, 528 A.2d 198 (1987), aff'd, 522 Pa. 214, 560 A.2d 1380 (1989) and Skalos v. Higgins, 303 Pa.Super. 107, 449 A.2d 601 (1982)). In a prior appeal, we affirmed the dismissal of Pezzano’s defamation claims against Mo-sesso and Wilson because they enjoyed absolute immunity. Pezzano v. Mosesso (Pa. Cmwlth., Nos. 189 C.D. 2014, 190 C.D. 2014, filed October 24, 2014), slip op. at 6-11, 2014 WL 5421587. While the instant matter is purportedly a contract action against the Township, it cannot be based on the privileged statements of Mosesso and Wilson who were not signatories to the Agreement. See Leis, slip op. at 8 (“Here, neither of the defendant Supervisors were parties or signatories to the Agreement. Accordingly, Leis would have no claim for breach of contract against the defendant Supervisors.... Because Leis’s underlying claims for breach fail against the defendant Supervisors, it necessarily follows that any claims for respondeat superior against the Township must also fail.”).[3]
*103 Accordingly, unlike the majority, I would affirm the order of the Montgomery County Court of Common Pleas.

. See Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a) ("Parties may ... cite an unreported panel decision of this court issued after January 15, 2008, for its persuasive value, but not as binding precedent.”).

. The plaintiff, Joseph Leis, filed a complaint alleging, inter alia, a breach of contract claim against the Township for the purported violation of an identical confidentiality clause contained in his Confidential Employee Separation Agreement and General Release. As in the instant case, the Township’s Solicitor signed the Agreement on the Township’s behalf and Mosesso and Wilson then made statements to a journalist regarding the termination of Leis’s employment.

.That does not mean that Pezzano does not have a remedy because he may seek rescission of the Agreement on the basis that there was a mutual mistake. As the Superior Court has explained:
The doctrine of mutual mistake of fact serves as a defense to the formation of a contract and occurs when the parties to a contract have an erroneous belief as to a basic assumption of the contract at the time of formation which will have a material effect on the agreed exchange as to either *103 party. A mutual mistake occurs when the written instrument fails to ... set forth the "true” agreement of the parties. [T]he language of the instrument should be interpreted in light of the subject matter, the apparent object or purpose of the parties and the Conditions existing when it was executed.
Step Plan Services, Inc. v. Koresko, 12 A.3d 401, 410 (Pa. Super. 2010) (citation omitted). In this case, the parties to the Agreement were apparently mistaken that they could regulate the immunized statements of two of the Township’s high elected officials.