425 A.2d 379

Thomas A. GRAINY, a minor, by Thomas F. Grainy and Dorothy A. Grainy, his parents and natural guardians and Thomas F. Grainy and Dorothy A. Grainy, in their own rights, Appellees,

v.

Bruce A. CAMPBELL, an individual, Turner Dairy Farms, Inc., a corporation, Charles G. Turner, an individual, Lydia C. Turner, an individual, Appellants,

v.

M. O'HERRON CO., a corporation and Peoples Natural Gas Company, a corporation, Appellees.

Supreme Court of Pennsylvania.

Argued Oct. 1, 1980.

Decided Feb. 4, 1981.

James E. Coyne, Weis & Weis, Pittsburgh, for appellants.

Robert E. Wayman, Pittsburgh, for M. O'Herron Co.

Harry Zimmer, Pittsburgh, for Thomas Grainy, et al.

John R. Kenrick, Pittsburgh, for Peoples Natural Gas Co.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

LARSEN, Justice.

This negligence action raises the question of whether an intervening negligent act of a second actor will discharge a first actor's liability for antecedent negligence.

In 1971, appellee M. O'Herron Co. (contractor) was replacing a gas pipeline for appellee Peoples Natural Gas Co. (gas company) along Saltsburg Road in Plum Township, Allegheny County. An uncovered excavation, which was barricaded with metal horses and dirt, obstructed the entire berm on the north side of Satlsburg Road.

Appellee Thomas A. Grainy, age 12, was in a single file line. of Boy Scouts hiking eastbound on the berm of Saltsburg Road. These Scouts encountered the excavation. At the same time a truck with a trailer driven by appellant Bruce A. Campbell (truck driver) and owned by appellant Turner Dairy Farms, Inc. (truck driver's employer) was approaching the excavation westbound on the same side of the highway. When the truck driver was about three hundred feet away, he observed the approaching Boy Scouts and the excavation, and moved his truck partially over the double yellow center line of the two-lane highway since there was no on-coming traffic. One of the Scouts, observing that the truck had moved to accommodate their passage, proceeded around the excavation on the paved roadway and Thomas Grainy followed. Although there was no on-coming traffic, the truck driver moved back into the westbound lane as he passed the boys. Thomas Grainy was struck and thrown into the excavation, suffering severe injuries. This lawsuit ensued.

In the trial court the jury returned a verdict in favor of Thomas Grainy against the truck driver, his employer, the contractor, and the gas company. All defendants filed motions for judgment n. o. v. but these were denied.

The Superior Court affirmed the judgment against the driver and his employer but reversed the judgment against the contractor and gas company holding that the truck driver's intervening negligence discharged the liability of the contractor and gas company as a matter of law. *Grainy v. Campbell*, 269 Pa.Super. 225, 409 A.2d 860 (1979). Petition for allowance of appeal was granted to resolve confusion in Pennsylvania case law as to when intervening negligence terminates liability for antecedent negligence.

The Superior Court held that *Kline v. Moyer*, 325 Pa. 357, 191 A. 43 (1937) [hereinafter cited as *Kline*] governed this case. In *Kline* the first actor left a broken down vehicle unattended on a two lane highway at dusk. The second actor approached the stranded car and attempted to pass in the opposite lane but was involved in a head-on collision with the plaintiff. The *Kline* Court granted a new trial in which the following test of liability was to be applied:

Where a second actor has become aware of the existence of a potential danger created by the negligence of an original tort-feasor, and thereafter, by an independent act of negligence, brings about an accident, the first tort-feasor is relieved of liability, because the condition created by him was merely a circumstance of the accident and not its proximate cause. *Id.*, 325 Pa. at 364, 191 A. at 46.

Since the truck driver in this case was *aware* of the potential danger of the Scouts and the excavation (the driver moved the truck over the center line) and since the truck driver negligently struck Grainy while passing by, the Superior Court correctly held that under *Kline* the contractor and the gas company were relieved of liability for negligently obstructing the berm.

The Restatement (Second) of Torts, § 447 (1965) [hereinafter cited as § 447] also formulates a test of when intervening negligence will relieve antecedent negligence.[1] In § 447, the liability of the first actor continues whenever: (a) the first actor "should have realized" that the second actor

1. This section provides:
    § 447. Negligence of Intervening Acts
    The fact that an intervening act of a third person is negligent in itself or is done in a negligent manner does not make it a superseding cause of harm to another which the actor's negligent conduct is a substantial factor in bringing about, if
    (a) the actor at the time of his negligent conduct should have realized that a third person might so act, or
    (b) a reasonable man knowing the situation existing when the act of the third person was done would not regard it as highly extraordinary that the third person had so acted, or
    (c) the intervening act is a normal consequence of a situation created by the actor's conduct and the manner in which it is done is not extraordinarily negligent.

"might so act"; (b) a reasonable man would not regard the second actor's action as "highly extraordinary"; or (c) the second actor's conduct is a "normal consequence of the situation created" by the first actor and "not extraordinarily negligent."

Section 447 of the Restatement (Second) of Torts has been adopted as Pennsylvania law. In *Estate of Flickinger v. Ritsky*, 452 Pa. 69, 305 A.2d 40 (1973) [hereinafter cited as *Flickinger*] this Court stated that: "The controlling *rule of law* in Pennsylvania on the extent of liability of a negligent actor, i. e., the law of proximate causation, where that question is presented in the light of an intervening act of negligence, is contained in section 447 of the Restatement (Second) of Torts (1965): . . ." *Id.*, 452 Pa. at 74, 305 A.2d at 43 (footnote omitted, emphasis in the original).[2]

It is clear that if we apply § 447 the liability of the contractor and the gas company has *not* been relieved by the intervening negligent act of the truck driver. Under § 447, liability continues if either clause (a), (b), or (c) is applicable. In fact, in this case, all three are applicable.

Section 447(a): When the contractor and gas company blocked the berm there was a "realizable likelihood" that a pedestrian would be forced to use the roadway and be struck by a negligently driven passing vehicle. *See Noon v. Knavel*, 234 Pa.Super. 198, 339 A.2d 545 (1975) (allocatur denied) (While the exact circumstances of the accident were un-

---

**2.** Prior to *Flickinger*, this court in *Whitner v. Lojeski*, 437 Pa. 448, 263 A.2d 889 (1970) held that "The rule in Pennsylvania as to when an actor whose negligence is a factual cause of a plaintiff's harm is relieved of liability due to a second actor's subsequent negligence has *in general* followed the approach of the Restatement" *Id.*, 437 Pa. at 461, 263 A.2d at 896. (Emphasis supplied). After *Flickinger*, this Court has consistently applied § 447. *Kuisis v. Baldwin-Lima-Hamilton Corp.*, 457 Pa. 321, 319 A.2d 914 (1974) (§ 447 cited at 331 n.13, 319 A.2d at 920 n.13 with apparent approval), *Miller v. Checker Yellow Cab Co.*, 465 Pa. 82, 348 A.2d 128 (1975), *Ross v. Vereb*, 481 Pa. 446, 392 A.2d 1376 (1978). The Superior Court has followed § 447 in *Scheel v. Tremblay*, 226 Pa.Super. 45, 312 A.2d 45 (1973), *Hargrove v. Frommeyer*, 229 Pa.Super. 298, 323 A.2d 300 (1974), *Noon v. Knavel*, 234 Pa.Super. 198, 339 A.2d 545 (1975) (allocatur denied), and *Pushnik v. Winky's Drive in Restaurants, Inc.*, 242 Pa.Super. 323, 363 A.2d 1291 (1976).

usual, the danger itself was foreseeable when a phone booth was placed at a dangerous location near a highway.)

Section 447(b): While it is highly unfortunate that the driver struck Grainy while passing the excavation, it cannot be regarded as "highly extraordinary" that a passing vehicle would strike a pedestrian walking on the highway. *See Sheel v. Tremblay*, 226 Pa.Super. 45, 312 A.2d 45 (1973) (It was not extraordinary that car should veer slightly off a winding road and strike negligently located, unlit utility pole).

Section 447(c): The truck driver was not "extraordinarily negligent". It is not "altogether unusual" (Comment e § 447) that a passing vehicle should strike a pedestrian on the highway but merely a case of "occasional negligence, one of the incidents of human life" (Comment e § 447) *See Flickinger, supra.* (Where the first actor had piled dirt on the berm of a highway, blocking visibility near a driveway, it was not extraordinary that the second actor would blindly enter the highway from the driveway, striking plaintiff.) [3]

The results achieved by applying *Kline* (first actor not liable) and § 447 (first actor still liable) are irreconcilable in this case. [4] In light of our unequivocal approval of § 447 in

**3.** This Court has found that extraordinary negligence was lacking in cases where the degree of negligence of the second actor is similar to the degree of negligence of the truck driver in this case. *See Miller v. Checker Yellow Cab Co.*, 465 Pa. 82, 348 A.2d 128 (1975) (It was not extraordinary that a second actor drove cab in disregard of obvious obstructions which were due to first actor's negligence); *Ross v. Vereb*, 481 Pa. 446, 392 A.2d 1376 (1978) (A second actor's frantic dash in response to skidding oncoming vehicle is "normal consequence" of first actors leading him onto road.)

**4.** Several decisions of this Court have attempted to reconcile *Kline* with § 447 by explaining that where the second actor is aware of the danger created by the first actor's antecedent negligent it is "highly extraordinary" (§ 447(b)) or "extraordinarily negligent" (§ 447(c)) for the second actor to proceed. *Kline v. Moyer*, 325 Pa. 357, 191 A. 43 (1937) (§ 447 is cited at 325 Pa. at 364n., 191 A. at 46n.), *Whitner v. Lojeski*, 437 Pa. 448, 263 A.2d 889 (1970) ("While the Pennsylvania cases have sometimes conditioned an intervening actor's sole liability on his awareness of the danger to be avoided at a time when avoidance was still possible, this is but another way of saying that negligence in the face of a known danger is extraordinary."), *Miller v.*

*Flickinger,* to the extent that *Kline* and any cases following *Kline* are in conflict with § 447 they are expressly overruled.

Professor Prosser explained that the decision whether to impose liability on a tortfeasor is a policy decision. "[T]his becomes essentially a question of whether the policy of the law will extend the responsibility for the conduct to the consequences which have in fact occurred." W. Prosser, The Law of Torts § 42, at 244 (1971). This Court has stated that the policy of the law is connected to social and economic considerations: "[T]he concept [of proximate cause], like that of negligence itself, was designed not only to permit recovery for a wrong but to place such limits upon liability as are deemed socially or economically desirable from time to time." *Whitner v. Lojeski,* 437 Pa. 448, 455, 263 A.2d 889, 893 (1970). In overruling *Kline,* this Court adopts a test for intervening negligence which we feel is more in accord with contemporary social and economic policy than the restrictive approach of our 1937 *Kline* decision. The result is fair and reasonable because the first actor was, in fact, negligent. We also feel that the § 447 of the Restatement (Second) of Torts is more practical because it does not focus on the awareness of the second actor, a subjective factor; instead, it considers (a) the *foreseeability* of the second actor's conduct, (b) whether a *reasonable* man would regard the intervening conduct as extraordinary or (c) whether the intervening conduct was a *normal* consequence (§ 447), all of which are objective factors.

The Order of the Superior Court reversing the judgment against the gas company and the contractor is reversed. The Order of the Superior Court affirming the judgment against the truck driver and his employer is affirmed. The

*Checker Yellow Cab Co.,* 465 Pa. 82, 348 A.2d 128 (1975) (While not mentioning *Kline,* the Court cites *Whitner v. Lojeski, supra,* with approval).

These decisions cannot reconcile the inconsistent results in this case. Furthermore, these decisions overlook the fact that liability can still be imposed on the first actor on the basis of § 447(a) which focuses on foreseeability of the second actor's conduct.

jury verdict, which imposed liability on all the defendants, is reinstated.[5]

NIX, J., filed a concurring opinion.

NIX, Justice, concurring.

In this case the majority correctly states the question to be whether an intervening negligent act of a second actor will discharge a first actor's liability for antecedent negligence. The basic question is whether the first tortfeasor's action was in fact a legal cause of the resultant injury. If in fact it was, as is the case here, the fact that a second actor may also have contributed to the injury does not relieve the initial tortfeasor of responsibility.

In determining whether an act of negligence is a legal cause, we have stated the test to be whether it is a substantial factor in bringing about this injury. *Ross v. Vereb*, 481 Pa. 446, 392 A.2d 1376 (1978); *Miller v. Checker Yellow Cab Co.*, 465 Pa. 82, 348 A.2d 128 (1975); *Estate of Flickinger v. Ritsky*, 452 Pa. 69, 305 A.2d 40 (1973). Under these circumstances, this Court has stated that the Restatement (Second) of Torts, § 447 (1965) provides the criteria to be employed in ascertaining whether the actor's negligent conduct is a substantial factor. *Miller v. Checker Yellow Cab Co., supra.*

I agree with the majority that applying § 447 to the instant facts requires a conclusion that the appellees, M. O'Herron Co. and Peoples Natural Gas Co. can also be held accountable for the injuries sustained.

It is for that reason that I join in the mandate of the majority opinion.

5. Appellees (contractor and gas company) have additionally argued that their motion for judgment n. o. v. should be granted because: they were free from negligence as a matter of law; the trial court erred in failing to instruct the jury that PennDOT regulations did not constitute standards of care for negligence; and Thomas Grainy was contributorily negligent as a matter of law. We have reviewed these arguments which were resolved against the appellees by the Superior Court and approve of that court's disposition.