## Rogers v. Metropolitan Edison Company

*Louis M. Taros Jr.* for plaintiff.
*John G. Harkins,* for defendant.
*A. H. Wilcov,* for defendant.

LIPSITT, S. J., May 22, 1986 — While the world ponders the radiation level at Chernobyl, where it is

said the worst accident in the history of nuclear power occurred on April 26, 1986, this court in Dauphin County, Pa., is considering the initial litigation fallout from the prior worst accident, seven years after the experience at Three Mile Island on March 28, 1979.

The current case advances a claim by the estate of James W. Rogers, who had worked for defendant Metropolitan Edison Company in the clean-up at TMI between April 16, 1979, and November 8, 1979. On October 15, 1979, Rogers was working with the decontamination crew at TMI's crippled Unit 2 in the radioactive damages receptor of the auxiliary building. He was lowered with a pulley system in a safety harness to his work station, where he had to stand on a ledge and apply chemicals to the walls. His co-workers experienced some difficulty in pulling Rogers back out of the work area because the harness became entangled and the pulley system was ineffective, so he remained in the radiologically controlled area for a considerably longer time than planned, and he allegedly had "taken a good shot" of radiation.

Rogers sustained a lower back injury during this episode, and was taken directly to Lebanon Valley General Hospital without the benefit of decontamination procedures. He later applied for and received worker's compensation benefits for this injury. In the course of five subsequent hospitalizations for treatment of his back injury and general malaise, a pathologist diagnosed a probable acute myelogenous leukemia on January 11, 1980. Some improvement was noted with chemotherapy, but Rogers ultimately expired on July 21, 1982, and no autopsy was performed.

The issue in MetEd's present motion for summary judgment is whether Rogers' administratrix

may bring this action in this court or whether her common law tort action is barred by the exclusivity provision of the Worker's Compensation Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §481(a). The other corporate defendants involved in the design, construction, maintenance, quality assurance and start-up testing at TMI have also moved for summary judgment, claiming that their acts or omissions were not the proximate or legal cause of Rogers' injuries while he was employed by MetEd in the cleanup at Unit 2.

For the reasons which follow, both motions will be denied, and the case will be remanded to the Bureau of Workers' Compensation for a determination of whether Rogers suffered a compensable injury or disease under the WCA or the Occupational Disease Act of June 21, 1939, P.L. 566, as amended, 77 P.S. §1208. Further proceedings will be stayed and the court will retain jurisdiction while deferring to the administrative agency's primary jurisdiction over the subject matter of this case. If a compensable injury or disease is found, the case is at an end with respect to MetEd, which will enjoy statutory immunity from actions at common law. If, however, compensable injury or disease as defined by the WCA and ODA is not found, the case may proceed.

MetEd's motion for summary judgment cannot be granted because the compensability of Rogers' injury or disease under the WCA and ODA is a genuine issue of material fact, the resolution of which is dispositive of MetEd's claimed immunity from common law tort actions for work-related accidents or exposures to hazardous conditions. That issue of fact must be resolved in the first instance, however, by the Bureau of Workers' Compensation in accordance with the doctrine of primary jurisdiction of administrative tribunals. See generally, *Wes-*

*ton v. Reading Company,* 445 Pa. 182, 198-99, 282 A.2d 714 (1971). Coordination between traditional judicial machinery and such agencies is necessary if consistent and coherent policy is to emerge, and the doctrine requires judicial abstention in cases where protection of the integrity of a regulatory scheme dictates preliminary resort to the agency which administers the scheme.

While the TMI accident is certainly unique in the nuclear power industry, the principles of medical proof and statutory interpretation are the same questions which are regularly decided by the administrative referees and appeal boards under the expert and consistent line of decisions of the Commonwealth and Supreme courts of Pennsylvania. The erroneous jurisdictional election of plaintiffs to seek compensation in this court before resorting to the statutory remedy, like the decision to commence tort actions in the federal courts, can be rectified by this court now with a remand, and without any prejudice to claimant's common law rights of action other than the delay occasioned by plaintiff's election to forego the administrative claims machinery. Jurisdiction will be retained pending a stay. In the event Rogers' injury or disease is determined not to be compensable, then the claim may be pursued against all defendants including MetEd, which will not have the cloak of immunity which the exclusivity provision of the WCA brings.

In this case, Rogers is alleged to have suffered two injuries: (1) the orthopedic lower back strain that was compensated under the WCA, and (2) the alleged neoplastic or cancerous disease process resulting from his occupational exposure to radiation hazards during the TMI cleanup, both on the one day in question as well as throughout the duration of his tenure on the decontamination crew. For both

properly pledged injuries, the liability of MetEd under 77 P.S. §481(a) is "exclusive and in place of any and all other liability . . . on account of any injury or death as defined in [77 P.S. §§4411(1), (2)] or occupational disease as defined in [77 P.S. §27.1]."

MetEd cannot seriously contend that the alleged cancer was an ensuing disease "as naturally results from . . . or is aggravated, reactivated or accelerated" by the lower back injury. 77 P.S. §411(1). Rather, the competent medical proof will most likely focus on whether Rogers suffered an "injury" which includes, "unless the context clearly requires otherwise, occupational disease as defined in [77 P.S. §27.1]." 77 P.S. §411(2).

Conceivably, Rogers' disease is defined in 77 P.S. §27.1(f), and therefore a compensable occupational disease contemplated by "[r]adium poisoning or disability, due to radioactive properties of substances or to Roentgen-ray (X-rays) in any occupation involving direct contact with, handling thereof, or exposure thereto." Alternatively, the particular type of cancer which Rogers suffered falls within the "catch-all" definition in the WCA at 77 P.S. §27.1(n), which includes all other diseases:

"(1) to which the claimant is exposed by reason of his employment, and (2) which are causally related to the industry or occupation, and (3) the incidence of which is substantially greater in that industry or occupation than in the general population."

Rogers' claims might also be made under an identical "radium poisoning" provision of the ODA at 77 P.S. §1208(f), or under the somewhat narrower catch-all language of 77 P.S. §1208(n) which includes within the ODA all other occupational diseases which satisfy a three-part test similar to the WCA:

"(1) to which the claimant is exposed by reason of his employment, and (2) which are peculiar to the industry or occupation, and (3) which are not common to the general population."

Even if Rogers' form of cancer is found to be common to the general population, the ODA catch-all includes it if it was generated by an occupational hazard, and was peculiar to the nuclear cleanup industry "by its causes and the characteristics of its manifestation." See *Williams v. Spaulding Bakeries Inc.*, 464 Pa. 29, 33, 346 A.2d 3 (1975).

Whether to seek compensation under either the WCA or ODA or both is solely the claimant's decision, and upon remand, liberal amendment of the pleadings should be allowed in stating the claims. *Boniecke v. McGraw-Edison Company*, 458 Pa. 163, 167-68 nn. 5-6, 401 A.2d 345 (1979). Summary judgment is not appropriate until after the factual questions of compensability are resolved in the administrative forum of first resort, and this is *not* optional. See *Greer v. United States Steel Corporation*, 475 Pa. 448, 453, 380 A.2d 1221 (1977); see also, *Boniecke v. McGraw-Edison Company*, 252 Pa. Super. 467, 473-74, 381 A.2d 1301 (1977) (Price, *J.*, dissenting).

The motion of all other defendants for summary judgment must also be denied because the precise role of each of them in contributing to the accident, and their respective degrees of civil culpability are classic proximate cause questions for a jury.

*Grainy v. Campbell*, 493 Pa. 88, 425 A.2d 379 (1981) resolved confusion in Pennsylvania case law as to when intervening negligence terminates liability for antecedent negligence, and adopted the objective standard of section 447 (negligence of intervening acts) of the Restatement (Second) of Torts (1965), which provides:

"The fact that an intervening act of a third person is negligent in itself or is done in a negligent manner does not make it a superseding cause of harm to another which the actor's negligent conduct is a substantial factor in bringing about, if

"(a) the actor at the time of his negligent conduct should have realized that a third person might so act, or

"(b) a reasonable man knowing the situation existing when the act of a third person was done would not regard it as highly extraordinary that the third person had so acted, or

"(c) the intervening act is a normal consequence of a situation created by the actor's conduct and the manner in which it was done is not extraordinarily negligent." 493 Pa. at 91-92 n. 1.

The necessity of mopping up after a nuclear accident was foreseeable by all defendants, and from the meager record before the court now, MetEd does not appear to have been extraordinarily negligent in the cleanup operation, and the work was not a highly extraordinary reaction to the accident. It presented a recognizable hazard which could cause injury or disease. There are genuine issues of material fact, and no defendant is entitled to judgment as a matter of law. Accordingly, we enter the following

## ORDER

And now, this May 22, 1986, the motions for summary judgment filed on behalf of defendants Metropolitan Edison Company and on behalf of all other defendants are denied.

This case is remanded to the Bureau of Workers' Compensation, where plaintiff shall within 30 days file such claim petitions as she elects under the Worker's Compensation Act and Occupational Dis-

ease Act. Jurisdiction is retained, and all further proceedings are stayed from this date until after a final determination is rendered on those claims.