Robert W. COLE, et al.

v.

Joseph W. KELLY, et al.

Civ. A. No. 87–6553.

United States District Court, E.D. Pennsylvania.

July 27, 1988.

## MEMORANDUM

GILES, District Judge.

The third-party defendant, United States Postal Service (federal defendant), seeks to dismiss the complaint of the third-party plaintiff, Joseph W. Kelly (Kelly), or alternatively moves for summary judgment. Plaintiffs Robert W. and Georgina Cole (Cole) filed a complaint alleging negligence

on the part of Kelly in the Court of Common Pleas of Philadelphia County on August 13, 1987. On September 10, 1987, defendant Kelly filed a third-party complaint in the Court of Common Pleas joining the federal defendant as an additional defendant. On October 15, 1987, the federal defendant removed the action to this court.

This action arises from an accident that occurred on June 26, 1985. Kelly was travelling south on 15th Street in Philadelphia in his 1982 Oldsmobile four door sedan. At the place where the accident occurred, Fifteenth Street is a one-way street with two traffic lanes travelling south and a parking lane on the right. Shortly after Kelly passed the intersection of Chestnut and Fifteenth Streets, a one-ton Dodge Postal Service truck driven by Brenda Thomas (Thomas) stopped in the right traffic lane immediately in front of Kelly's car and adjacent to two mail collection boxes. Thomas turned on her vehicle blinker lights, exited the vehicle, removed the mail from the mail collection boxes, and returned to her vehicle. That process took between two and three minutes. After Thomas returned to her vehicle, Philadelphia Police Officer Cole walked over to the truck and, while standing within the right traffic lane beside the truck, reprimanded Thomas for double parking. (Thomas Deposition Transcript pp. 7, 9, and 12–18).

Cole spoke to Thomas for approximately two minutes but did not issue a traffic citation. During that time Kelly backed his car up approximately six feet and maneuvered slowly around the postal service vehicle. The left lane of traffic was clear. After finishing his discussion with Thomas, Cole took a half step to his left and, while still within the right traffic lane, was struck on the left side of his body by the right fender of Kelly's car. After he was struck by the Kelly vehicle, Cole grabbed the driver's side door of the postal vehicle to prevent himself from falling. The Kelly vehicle continued moving until Cole struck it with his police radio. (Cole Dep. Tr. pp. 12–19 and 37–45).

Kelly testified that after stopping behind the postal vehicle, he saw Thomas exit the vehicle and saw Officer Cole subsequently approach the vehicle. Kelly observed Thomas reenter the vehicle and witnessed the discussion between Officer Cole and Thomas. Kelly saw Cole standing next to the truck during the discussion and had a clear view of Cole while he maneuvered around the postal vehicle. (Kelly Dep. Tr. pp. 11–20).

The court will consider the federal defendant's motion as one for summary judgment. A trial court may enter summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The burden to demonstrate the absence of material fact issues is initially on the moving party regardless of which party would have the burden of persuasion at trial. *First National Bank of Pennsylvania v. Lincoln Nat'l Life Ins.*, 824 F.2d 277, 280 (3d Cir.1987). The moving party may meet its burden by showing that "there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). The essential facts of this case are not in dispute.

The federal defendant contends that the intervening negligent act of Kelly discharges liability for any antecedent negligence by the postal service. Pennsylvania has adopted the Restatement (Second) of Torts § 447 (1965), which states:

§ 447. Negligence of Intervening Acts.

The fact that an intervening act of a third person is negligent in itself or is done in a negligent manner does not

make it a superseding cause of harm to another which the actor's negligent conduct is a substantial factor in bringing about, if

(a) the actor at the time of his negligent conduct should have realized that a third person might so act, or

(b) a reasonable man knowing the situation existing when the act of the third person was done would not regard it as highly extraordinary that the third person had so acted, or

(c) the intervening act is a normal consequence of a situation created by the actor's conduct and the manner in which it is done is not extraordinarily negligent.

See Estate of Flickinger v. Ritsky, 452 Pa. 69, 74, 305 A.2d 40, 43 (1973).

Under § 447, the liability of the first actor continues if either clause (a), (b), or (c) is applicable. Grainy v. Campbell, 493 Pa. 88, 92, 425 A.2d 379, 381 (1981). Section 447 presents an objective test that does not focus on the awareness of the second actor. Id. at 94, 425 A.2d at 382. Instead, § 447 "considers (a) the foreseeability of the second actor's conduct, (b) whether a reasonable man would regard the intervening conduct as extraordinary or (c) whether the intervening conduct was a normal consequence." Id., at 94, 425 A.2d at 382–83.

Assuming arguendo that the actions of Thomas were negligent, the intervening negligent act of Kelly discharges the federal defendant's liability for antecedent negligence. Under § 447(a), Kelly's conduct was not foreseeable. Thomas stopped the postal vehicle in the right traffic lane and activated the vehicle's blinkers. The postal vehicle was clearly visible, as Kelly testified (Kelly Dep. Tr. pp. 13, 14), and although it obstructed traffic it did not block a sidewalk or any other pedestrian walkway. It was not foreseeable that the stopped postal vehicle would expose a person on foot to danger from passing traffic. The location of the vehicle was not one that would impede the progress of pedestrians. It was an unusual circumstance that Officer Cole approached the vehicle and positioned himself next to the left door for any period of time.

Even if it was foreseeable that a police officer would approach the vehicle, it was not foreseeable that the officer would be struck while standing in the right traffic lane by a driver in an automobile maneuvering around the postal vehicle in the left traffic lane when that officer was clearly visible to passing traffic and when he was in fact seen by Kelly. The danger may have been foreseeable if the stopped postal vehicle had caused Officer Cole to stand in the left traffic lane, but neither he nor the postal vehicle obstructed traffic in that lane.

The applicability of § 447(b) depends on whether a reasonable man would regard the intervening conduct of Kelly as highly extraordinary. The first actor is absolved of liability under subsection (b) if the intervening act was extraordinary. I conclude from the facts of this case that Kelly's conduct was extraordinary. The left traffic lane was clear when Kelly attempted to pass the postal vehicle, but the right traffic lane was obstructed by the postal vehicle. While straddling the two lanes, Kelly's vehicle struck Officer Cole in the right traffic lane, which was partially blocked by the postal vehicle. It would not have been extraordinary if the postal vehicle had obstructed the right traffic lane in a manner that forced Officer Cole to stand in, and be struck in, the left traffic lane, but that is not the situation here. Cf. Grainy v. Campbell, 493 Pa. at 93, 425 A.2d at 382 (not highly extraordinary that a passing vehicle would strike a pedestrian forced to walk on a highway that had one lane in each direction by the first actor's blocking of the roadside). Kelly acted without the restrictions of lack of space in which to maneuver his automobile or of limited time in which to react. Kelly testified that he knew the left traffic lane was clear, saw Officer Cole's position next to the postal vehicle, stopped, waited, backed up his automobile, and attempted to pass the postal vehicle. Those facts differentiate this situation from a typical scenario such as Grainy, where the intervening actor drove his vehicle at a comparatively high rate of

speed and plaintiff was struck while walking on the roadway in the only lane available to traffic travelling in that direction. In *Grainy*, the intervening act was not extraordinary due to limited space in which to maneuver the automobile and to a short time period in which the third party had to react to the situation created by the first actor. Under these facts, Kelly's act in striking Officer Cole in the obstructed right traffic lane was extraordinary.

Section 447(c) liability attaches when the intervening act is a normal consequence of the situation created by the first actor's conduct and the manner in which it is done is not extraordinarily negligent. Kelly's act was not a normal consequence and was extraordinarily negligent. The analysis under subsection (c) follows that of subsection (b). The harm to Officer Cole was not a normal consequence of Thomas' action because the contact occurred in the right traffic lane, which was obstructed by the postal vehicle, while Kelly was attempting to drive in the clear left lane around the postal vehicle and Officer Cole. Moreover, Kelly saw Officer Cole and had stopped and waited before attempting to pass.

Kelly was extraordinarily negligent by straddling the left and right traffic lanes and striking Officer Cole in the right traffic lane, even though he knew that the left lane was clear of traffic and he saw Cole standing next to the postal vehicle in the right lane. Moreover, Kelly drove slowly and was not made to rush his movements by traffic or any other factor.

Under the test of the Restatement (Second) of Torts § 447 the intervening act of Kelly was a superseding cause of harm that relieves the federal defendant of liability for any antecedent negligence. The motion for summary judgment of the federal defendant will be granted.

This action was removed to the district court from the Court of Common Pleas of Philadelphia County solely on the basis of the third party complaint against the federal defendant. The original complaint alleges that plaintiffs and defendant Kelly reside in Pennsylvania. As diversity is lacking and there are no federal claims, this case will be remanded to the Court of Common Pleas pursuant to 28 U.S.C. § 1447(c) (1982).

An appropriate order follows.

## ORDER

AND NOW, this 28th day of July, 1988, in accordance with the foregoing memorandum, it is hereby ORDERED that:

1. The motion for summary judgment of defendant United States Postal Service is GRANTED;

2. The above-captioned matter is REMANDED to the Court of Common Pleas of Philadelphia County.