J-A03015-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| STUART GAMBLE, ADMINISTRATOR OF THE ESTATE OF EVA GAMBLE | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | No. 1330 MDA 2019 |
| COREY SHAEFFER AND KEVIN VINTON AND MARIAH MELLOT | : | |
| v. | : | |
| | : | |
| JULIO VILLARREAL, LORNE SWOPE AND ROBERT HUFFMAN | : | |

Appeal from the Order Entered August 2, 2019
In the Court of Common Pleas of Fulton County Civil Division at No(s):
2017-00262

BEFORE:  LAZARUS, J., STABILE, J., and DUBOW, J.

MEMORANDUM BY LAZARUS, J.:          **FILED: JUNE 8, 2020**

Stuart Gamble, administrator for the estate of Eva Gamble, appeals from the order, entered in the Court of Common Pleas of Fulton County, granting Corey Shaeffer's motion for judgment on the pleadings.  After careful review, we reverse and remand.

On September 19, 2017, Gamble filed a complaint asserting the negligence of Defendants Shaeffer, Kevin Vinton, and Mariah Mellot gave rise to wrongful death and survival actions against each defendant. That complaint, in relevant part, rested on the following factual averments:

The facts and occurrences hereinafter stated took place on October 19, 2016, at approximately 6:30 [p.m.] on the southbound lane of State Route 522 (SR-522) (Great Cove Road) about one (1) mile south of the Borough of McConnellsburg, Fulton County, Pennsylvania.

[] Shaeffer was the operator of a 1990 Chevrolet Prism, and was driving south on SR-522, behind a 2005 Kenworth T800 tractor-trailer, operated by Julio Villarreal.

[] Shaeffer pulled out into the opposing northbound lane in an attempt to pass [] Villarreal.

A third vehicle, a 2001 Mercury Village, owned and operated by Lorne Swope, was driving in the northbound lane of SR-522 at the time of this crash.

In order to avoid a head-on collision with []Shaeffer, []Swope braked and steered left, into the southbound lane.

In doing so, [] Swope drove into the tractor-trailer being operated by [] Villarreal.

[] Villarreal pulled his tractor-trailer off to the side of the southbound lane, while [] Swope's vehicle came to a final resting place facing west in the center of the roadway.

[] Shaeffer left the scene of the crash following the collision.

A vehicle, owned and operated by Robert Huffman, was also driving south on SR-522, and [Huffman] pulled his vehicle partially off the [roadway] and partially into the travel lane.

[] Huffman's vehicle was approximately 2/3 off the roadway (berm), and 1/3 on the roadway in the travel portion and within the fog line.

Eva Gamble, [now] deceased, was a passenger in [] Huffman's vehicle.

The travel portion of the road was blocked by debris from the accident caused by [] Shaeffer.

Kevin Vinton, operating a 2012 Ford F[-]150, was also driving south on SR-522, and stopped at the top of a hill, behind [] Huffman's vehicle.

Mariah Mellot was the right front[-]seat passenger in [] Vinton's vehicle.

[] Huffman and [Eva] Gamble exited the Huffman vehicle, in order to clear the roadway of debris so that traffic would not back up.

[] Vinton also exited his vehicle, and walked towards the crash scene, while [] Mellot remained in [] Vinton's vehicle.

[Eva] Gamble was reentering [] Huffman's vehicle. She was at the front right bumper. The car was up against an embankment. She had to squeeze between the vehicle and embankment to open the door.

[] Vinton's vehicle started to roll forward, down the hill towards the Huffman car.

Defendant Vinton's vehicle struck the back of [] Huffman's car, pushing it forward and causing it to run over [] Gamble.

* * *

The injuries ultimately led to [Eva Gamble's] death.

Complaint, 9/19/17, at 2-4 (paragraph numerals omitted).

On December 27, 2017, Defendant Shaeffer filed a *praecipe* to join additional defendants Villarreal, Swope and Huffman. On February 14, 2018, Shaeffer filed a joinder complaint, alleging claims of contribution and indemnification against each additional defendant. Swope filed preliminary objections in the form of a demurrer to Shaeffer's complaint. On March 15, 2018, Shaeffer filed both a response to Swope's preliminary objections and a

motion for judgment on the pleadings, in which he argued Gamble's complaint failed to state a valid cause of action against him.

On August 14, 2018, the Honorable Jeremiah D. Zook heard oral argument from Gamble, Shaeffer, and Swope. On September 13, 2018, Judge Zook sustained Swope's preliminary objections and granted Shaeffer's motion for judgment on the pleadings. The court found Gamble failed to plead facts establishing Shaeffer's conduct was the proximate cause of Eva Gamble's injuries.[1] On August 9, 2019, Gamble timely filed a notice of appeal.[2] Both Gamble and the court complied with Pa.R.A.P. 1925.

Gamble raises the following claims on appeal:

1. Whether the trial court erred in its application of ***Lux v. Gerald E. Ort Trucking, Inc.***, 887 A.2d 1281 (Pa. Super. [] 2005)[,] to this instant case, resulting in the trial court incorrectly concluding that [Gamble] did not state a cause of action in tort for Defendant Shaeffer's driving in a negligent manner, causing debris to litter the roadway and mak[ing] it unsafe for other motorists, thereby causing [] Huffman to park his vehicle with Eva Gamble as his passenger[] along the roadway to help clear the scene and permitting Eva Gamble to be struck by another vehicle?

2. Whether the trial court erred when it ruled as a matter of law that the conduct of [] Vinton and [] Huffman were

---

[1] The court, by extension, found Swope could not be responsible for indemnification or contribution to Shaeffer.

[2] Gamble later settled with Vinton and Mellot. Motion to Discontinue, 7/8/19, at 2. He timely filed a notice of appeal after the court granted his motion to discontinue as to Huffman and Villarreal on July 23, 2019, rendering the September 13, 2018 order final and appealable. ***See*** Pa.R.A.P. 341(b)(1) ("A final order is any order that . . . disposes of all claims and of all parties.")

- 4 -

> superseding and/or intervening causes based on the allegation in the [c]omplaint?

Brief of Appellant, at 4.

We consider Gamble's interrelated claims together. The following scope and standard of review apply:

> A motion for judgment on the pleadings should be granted only where the pleadings demonstrate that no genuine issue of fact exists, and the moving party is entitled to judgment as a matter of law. Thus, in reviewing a trial court's decision to grant judgment on the pleadings, the scope of review of the appellate court is plenary; the reviewing court must determine if the action of the trial court is based on a clear error of law or whether there were facts disclosed by the pleadings which should properly go to the jury. An appellate court must accept as true all well-pleaded facts of the party against whom the motion is made, while considering against him only those facts which he specifically admits. Neither party can be deemed to have admitted either conclusions of law or unjustified inferences. Moreover, in conducting its inquiry, the court should confine itself to the pleadings themselves and any documents or exhibits properly attached to them. It may not consider inadmissible evidence in determining a motion for judgment on the pleadings. Only where the moving party's case is clear and free from doubt such that a trial would prove fruitless will an appellate court affirm a motion for judgment on the pleadings.

*Wilcha v. Nationwide Mut. Fire Ins. Co.*, 887 A.2d 1254, 1257 (Pa. Super. 2005) (citations omitted); *see also Cornwall Mountain Investments, L.P. v. Thomas E. Proctor Heirs Trust*, 158 A.3d 148, 153 (Pa. Super. 2017) ("Judgment on the pleadings should only be granted when there are no genuine issues of fact and the moving party is entitled to judgment as a matter of law.").

To recover for an action in negligence, a plaintiff must prove the elements of duty, breach, causation, and harm. ***See Lux***, ***supra*** at 1287 (listing elements of negligence). Under Pennsylvania law, causation encompasses both "cause-in-fact" and "legal, or proximate, cause[.]" ***Straw v. Fair***, 187 A.3d 966, 993 (Pa. Super. 2018). A negligent act "is a cause-in-fact of the plaintiff's injuries if the harmful result would not have come about but for the negligent conduct." ***Id.*** "[C]onduct is a proximate cause of the plaintiff's harm where the conduct was a substantial factor in bringing about the harm inflicted upon a plaintiff." ***Id.*** "Proximate cause does not exist where the causal chain of events resulting in [the] plaintiff's injury is so remote as to appear highly extraordinary that the conduct could have brought about the harm." ***Lux***, ***supra*** at 1286–87; ***see Dudley v. USX Corp.***, 606 A.2d 916, 923 (Pa. Super. 1992) (affirming grant of summary judgment, finding USX's history of knowingly purchasing stolen copper did proximately cause trespasser to risk injury by attempting to steal additional copper).

The substantial factor test assesses whether "a party's negligence was the proximate or legal cause of another's injury[.]" ***Lux***, ***supra*** at 1286. As set forth in ***Wisniewski v. Great Atlantic & Pacific Tea Co.***, 323 A.2d 744, 748 (Pa. Super. 1974), that test provides:

> [T]he actor's negligent conduct is a legal cause of harm to another if:

> (a)    his conduct is a substantial factor[3] in bringing about the harm[;] and
>
> (b)    there is no rule of law relieving the actor from liability because of the manner in which his negligence has resulted in harm.

*Lux*, *supra* at 1287, quoting *Wisniewski*, 323 A.2d at 748 (citing Restatement (Second) of Torts, § 431 (1965)).

In *Grainy v. Campbell*, 425 A.2d 379 (Pa. 1981), our Supreme Court addressed the issue of whether an intervening negligent act of a second actor will discharge the first actor's liability. The Court stated that, since 1973, the controlling law in Pennsylvania on "the extent of liability of a negligent actor, i.e., the law of proximate causation, where that question is presented in the light of an intervening act of negligence, is contained in section 447 of the Restatement (Second) of Torts (1965)." *Id.* at 381, citing *Estate of*

---

[3] The following considerations are of importance in evaluating whether negligent conduct is a substantial factor in producing an injury:

> (a)    the number of other factors which contribute in producing the harm and the extent of the effect which they have in producing it;
>
> (b)    whether the actor's conduct has created a force or series of forces which are in continuous and active operation up to the time of the harm, or has created a situation harmless unless acted upon by other forces for which the actor is not responsible;
>
> (c)    lapse of time.

*Lux*, *supra* at 1287 (citations omitted).

*Flickinger v. Ritsky*, 305 A.2d 40 (Pa. 1973) (adopting Restatement (Second) of Torts, § 447).    Under section 447, liability of an initial negligent actor persists where:   1) "the first actor should have realized that the second actor might so act[;]" 2) "a reasonable man would not regard the second actor's action as highly extraordinary[;]" or 3) "*the second actor's conduct is a normal consequence of the situation created by the first actor and not extraordinarily negligent.*[4]"  *Grainy*, 425 A.2d at 381 (emphasis added).

_____

4 Section 447, in full, reads as follows:

> The fact that an intervening act of a third person is negligent in itself or is done in a negligent manner does not make it a superseding cause of harm to another which the actor's negligent conduct is a substantial factor in bringing about, if

>> a) the actor at the time of his negligent conduct should have realized that a third person might so act, or

>> b) a reasonable man knowing the situation existing when the act of the third person was done would not regard it as highly extraordinary that the third person had so acted, or

>> c) *the intervening act is a normal consequence of a situation created by the actor's conduct and the manner in which it is done is not extraordinarily negligent.*

Restatement (Second) of Torts § 447 (emphasis added).

The trial court, relying on **Lux**, **supra**, found the facts pleaded in the instant case required it to grant Shaeffer's motion for judgment on the pleadings, as to do otherwise "would essentially render toothless the requirement that plaintiff plead proximate causation. [In other words, t]he [c]ourt f[ound] that [Gamble] has plead[ed] 'a situation harmless' that was 'acted upon by other forces for which' . . . Shaeffer is not responsible." Pa.R.A.P. 1925(a) Opinion, 9/13/18, at 13 (quoting **Lux**, **supra** at 1287).

We, however, find **Lux** distinguishable from the instant case. In **Lux**, **supra**, this Court affirmed the trial court's decision to grant a defendant's preliminary objections where the complaint lacked averments that could have established that the defendant proximately caused the plaintiff's injuries. **See id.** at 1287–88. **Lux** involved a superficially similar scenario, involving a plaintiff who was grievously injured while assisting in the aftermath of a serious car accident, wherein the plaintiff pleaded the following facts: (1) Eddie Roberts fell asleep at the wheel and collided with objecting defendant Jaime Parker; (2) Parker fled the scene; (3) James Lux arrived at the scene in his capacity as a police officer; (4) a state police officer, who had been securing the scene of the accident, left upon learning Parker was at a nearby truck stop; and (5) during the state police officer's absence, Samuel Knight fell asleep at the wheel and collided with Lux's rescue vehicle, paralyzing Lux. **See id.** at 1284.

The *Lux* Court found the trial court properly granted preliminary objections dismissing Parker from Lux's suit on the grounds that the pleaded facts failed to establish that Parker's conduct proximately caused Lux's injury. *See id.* at 1288 ("Proximate cause does not exist between Appellee's conduct . . . and Appellant's injury."). We determined that "[i]t was the negligence of Roberts, who fell asleep at the wheel and then wrecked into [Parker's vehicle], that was the cause of the first accident." *Id.* Further, we found it "highly extraordinary that [Parker] fleeing from the scene could have caused Knight, who also fell asleep at the wheel, to collide with Appellant's vehicle and ultimately result in Appellant's injuries." *Id.*

The *Lux* court affirmed the trial court's decision to dismiss the case against Parker on the grounds it was *Roberts'* negligence that caused the crash that inadvertently led to Parker's role in Lux's accident. *See Lux*, *supra* at 1288. This critically differs from the instant situation, wherein Gamble asserts *Shaeffer* caused the initial crash and fled. *See* Complaint, 9/19/17, at 2–3. The pleadings further assert Shaeffer fled in spite of the accident producing such a quantity of debris that two drivers and two passengers chose to pull over and aid in clearing the road. *See id.* Shaeffer's role in the accident, therefore, is not analogous to that of Parker, but to that of Roberts. Accordingly, we do not find *Lux* dispositive.

Rather, we find the instant situation controlled by *Grainy*, *supra*, and apply section 447 to determine "when intervening negligence will relieve

antecedent negligence." ***Grainy***, ***supra*** at 381. The facts of ***Grainy*** are as follows: A group of Boy Scouts were hiking on a berm alongside a highway. ***Id.*** at 380. A natural gas company, in the process of replacing a gas pipeline, had obstructed the berm along which the children hiked. ***Id.*** An oncoming truck observed the approaching Boy Scouts and the excavation and moved his truck partially over the double yellow line. ***Id.*** Two Boy Scouts proceeded around the obstruction and walked along the paved roadway. ***Id.*** The truck driver drifted back into the lane as he passed the boys, striking one, who suffered severe injuries. ***Id.***

The jury returned a verdict in favor of the injured Boy Scout against the truck driver, his employer, the contractor and the gas company. ***Id.*** This Court later affirmed the judgment against the truck driver and his employer, but reversed the judgment against the contractor and gas company, "holding that the truck driver's intervening negligence discharged the liability of the contractor and gas company as a matter of law." ***Id.*** Our Supreme Court, relying on the section 447, overturned our order reversing judgment on the grounds that all three rationales under section 447 supported continuing liability for the initial negligent actor. ***Id.*** at 381. Of particular relevance here is the fact that the ***Grainy*** Court found liability persisted because the gas company and contractor, the initial negligent actor, created "a realizable likelihood" that another individual would be "forced to use the roadway and be struck by a negligently driven passing vehicle."

Instantly, we find the facts pleaded by Gamble, averring Shaeffer's negligence created a dangerous situation conducive to producing further negligent acts, give rise to a colorable theory of liability under **_Grainy_**. **_See id._** at 381. We, therefore, find the court erred by granting Shaeffer's motion for judgment on the pleadings. **_See Wilcha_**, **_supra_** at 1257 ("Only where the moving party's case is clear and free from doubt such that a trial would prove fruitless will an appellate court affirm a motion for judgment on the pleadings.").

Order reversed. Remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/08/2020